MOLLIE NETCHER NEWBURY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

TOWNSEND NETCHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ETHEL NETCHER VAILLANT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GLADYS OLIVER NETCHER, EXECUTRIX OF THE ESTATE OF CHARLES NETCHER, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 38049–38053. Promulgated May 17, 1932.

*J. R. Little, Esq.*, for the petitioners.
*B. M. Coon, Esq.*, for the respondent.

OPINION.

MURDOCK: The only question in these proceedings is to determine the amount of income of the trust which is taxable to the beneficiaries. Its solution depends upon the rights of these beneficiaries under the will of Charles Netcher. They claim the trustee had a right and a duty to retain enough from the annual income from rents to offset depreciation on the building. The Commissioner maintains that he made no mistake in adding this retained amount to the income of the beneficiaries.

Where a trustee makes investments with the corpus of an estate, he is duty bound to see that, so far as reasonably may be, the corpus always includes the equivalent of the amount invested. If bonds belong to a testator and are worth more than par at his death, the trustee may not have to retain any of the interest. But courts have frequently held, for example, that a trustee who buys bonds at a premium, should retain the equivalent of the premium from interest and pay only the excess to the life tenants. *In re Stevens et al.*, 187 N. Y. 471; 80 N. E. 358; *New England Trust Co.* v. *Eaton*, 140 Mass. 532; 4 N. E. 69; *In re Allis Estate*, 123 Wis. 223; 101 N. W. 365; *Curtis* v. *Osborn*, 79 Conn. 555; 65 Atl. 968; *In re Gartenlaub's Estate* (Cal.), 198 Pac. 209; *Kate M. Simon*, 10 B. T. A. 1186; *Ballatine* v. *Young*, 74 N. J. E. 572; 70 Atl. 668; affd., 76 N. J. E. 613; 75 Atl. 1100. Might he accomplish a contrary result by simply erecting a building with corpus or borrowed funds and paying all of the rents to life tenants? He could if he had authority from the grantor expressed in the instrument creating the trust. Here the will gave no such authority.

This case is distinguishable from those where the exhausting property was originally a part of the trust estate. The building in question was not in existence when the testator died, but was built at some later date. The principal part of the cost was paid from borrowed funds. The balance came from the corpus of the estate. The building was erected on land in Block 58 of the original town of Chicago. The will gave the trustee authority to thus borrow and build. There is nothing in the will indicating that the testator intended the trustee should not deduct depreciation on any buildings she might erect. In the only provision of the will specifically referring to this property, the testator indicated a wish that the real estate in this Block 58 should be held together for the benefit of his entire estate and the beneficiaries thereunder. Had the trustee made no provision for replacing the building or paying off the mortgage from the income of the building, obviously the testator's wish could have been carried into effect only at the expense of other property constituting corpus of the estate in violation of the rights of remaindermen. If the language of the will is not clear on this point, the interpretation placed upon it by the parties may be the decisive factor. *William E. Scripps et al., Trustees*, 1 B. T. A. 491; *Mary L. Barton, Trustee*, 5 B. T. A. 1008; *E. L. E. Brenneman et al.*, 10 B. T. A. 544; *Kate M. Simon, supra; John L. Whitehurst*, 12 B. T. A. 1416; *Anna M. Chambers*, 17 B. T. A. 820; *Rita M. Kohler White et al.*, 25 B. T. A. 243. The trustee retained a part of the income for the purpose of maintaining the corpus whole. The life beneficiaries not only made no objection to this action, but now insist it was proper. The will required, or was at least susceptible of, the construction which the trustee and the beneficiaries placed upon it. This construction was adverse to the interests of these petitioners. We think that they had no right under the will to have the annual income from the building distributed to them except as it exceeded an appropriate amount to restore the cost of the building at the end of its estimated life.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*