SUE CAROL (MRS. NICK STUART), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 63963, 71025.   Promulgated April 20, 1934.

*John C. Ristine, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: These proceedings were brought to redetermine deficiencies in the income taxes of the petitioner for the years 1929 and 1930 in the amounts of $1,306.52 and $1,510.76, respectively.

The sole issue is whether or not the petitioner, as an income beneficiary for life from property held under a trust created by will, is entitled to a deduction from her individual income for depreciation on such property, in the absence of a specific provision for depreciation in the will and of any deduction therefor in the fiduciary returns filed by the trustee.

The facts were stipulated substantially as follows:

The petitioner is the daughter of Samuel Lederer and Caroline Lederer, of Chicago, Illinois. Samuel Lederer died in 1925, and in his will, which was admitted to probate in the courts of Illinois, left one half of his property to his wife, Caroline, outright, and one half to his said wife as trustee for the petitioner. The petitioner was named in the will as Evelyn Lederer Keefer. The trust was created and in operation during the years 1929 and 1930 and Caroline Lederer acted as trustee during those years.

The material provisions of the will of Samuel Lederer are as follows:

*Third:* I give, devise and bequeath an undivided one half of my estate, of every kind and nature, real, personal and mixed, after all my just debts and

funeral expenses shall have been paid, to Caroline Lederer, as Trustee, and to the Central Trust Company of Illinois, as successor-in-trust, for the following uses and upon the following conditions:

I do hereby authorize my said trustee and her successor-in-trust to hold, manage, invest and re-invest the said trust funds in such securities or property, real or personal, as in the judgment of my said trustee or her successor-in-trust shall best serve the interest of said trust estate, with full power to sell the whole or any part of said trust estate, whether the same shall consist of real or personal property, at public or private sale, upon such terms and conditions as shall seem to my trustee or her successor-in-trust for the best interests of said trust estate; and I do hereby specifically direct that no security shall be required of my said trustee or her successor-in-trust for the faithful performance of said trusteeship, and that no purchaser or purchasers from my trustee or her successor-in-trust shall be required to look to the application of the purchase money. And I do hereby authorize and direct that my said trustee, or, upon her death, inability or refusal to act, then her successor-in-trust, shall pay to my dear daughter, Evelyn Lederer Keefer, semi-annually, the net income arising from said trust fund during her life. Upon the death of my said daughter said trust or trusts herein created shall immediately cease and determine and my trustee or her successor-in-trust shall thereupon immediately pay the principal of said trust estate and income, if any, to my wife, Caroline Lederer, if she shall be living at the date of the death of my said daughter; or, if she shall have died prior to that date, then to any child or children of the body of my daughter, share and share alike; or, if my said daughter shall die after the death of my wife leaving no child or children her surviving, then the trustee shall pay to each of my sisters the sum of five thousand dollars ($5,000.00), and shall transfer, pay and deliver the balance of said trust estate to the legal heirs of my said daughter.

The will made no specific provision for the deduction or allocation of depreciation on the trust property prior to the distribution of income to the petitioner.

Included among the assets turned over to the trustee under the will of Samuel Lederer were undivided one-half interests in certain apartment houses or hotels located in Chicago, Illinois. The depreciation sustained in each of the years 1929 and 1930 on these properties was $9,160, or $4,580 for the undivided one-half interest in the said properties held by the trustee under the trust provisions of the said will.

Caroline Lederer, as trustee, filed with the respondent fiduciary returns of income for the years 1929 and 1930. In the returns no deduction was claimed for depreciation on any of the properties included in the trust agreement of the will, and no depreciation thereon has been allowed by the respondent to the trust for the said years.

The petitioner filed an individual Federal income tax return for the years 1929 and 1930. The petitioner's net income for the years 1929 and 1930 was determined by the respondent to be $41,373.76 and $34,613.83, respectively, with no allowance or deduction for depreciation sustained on the trust property.

During the years 1929 and 1930 the petitioner did not receive any income from her undivided one-half interest in the said trust created by the will of Samuel Lederer, deceased.

Section 23 (k) of the Revenue Act of 1928 is as follows:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(k) *Depreciation.*—A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each.

Counsel for the respondent contends (1) that where a trustee collects income consisting of rents from real property, which she pays over to the life beneficiary under a will which does not specifically provide that the trustee make any allowance for depreciation on the buildings in determining the income distributable, the life beneficiary may not deduct as an expense depreciation sustained on the buildings, and (2) that even in the event that such depreciation is allowable, the life beneficiary can not take the full depreciation if such deduction exceeds the income distributable to her from the trust estate, and apply the excess against her income from other sources.

We see no merit in the first contention. In fact, from the very language of the statute, the situation relating to depreciation allowances prior to 1928 and the discussion preceding the enactment of section 23 (k), we are led unquestionably to exactly the opposite conclusion. The respondent's theory would thwart the very purpose for which the section was passed.

Prior to 1926 the allowance for depreciation deduction was authorized in this language: " In computing net income there shall be allowed as deductions: \* \* \* (8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." [1]

In the Revenue Act of 1926, however, the provision was enlarged by adding the following words:

In the case of improved real estate held by one person for life with remainder to another person, the deduction provided for in this paragraph shall be·

---

[1] Sec. 5 (a) (7) of the Revenue Act of 1916; sec. 214 (a) (8) of the Revenue Acts of 1918, 1921 and 1924.

equitably apportioned between the life tenant and the remainderman under rules and regulations prescribed by the Commissioner with the approval of the Secretary.

In reporting the proposed revenue act H.R. 1, Senator Smoot, chairman of the Finance Committee, stated:

*Depreciation in case of life tenant and remainderman.*

Section 214 (a) (8): The present law allows depreciation as a deduction. The committee recommends that it be made clear that in the case of improved real estate held by one person for life with remainder to another the depreciation deductions shall be equitably apportioned between the life tenant and the remainderman.

Article 161, Regulations 69, sets forth the Commissioner's interpretation of the added portion of section 214 (a) (8):

\* \* \* In the case of improved real estate held by one person for life with remainder to another person, the deduction for depreciation shall be equitably apportioned between the life tenant and the remainderman. Thus, if the improvement on real property devised to one for life with remainder over has an estimated useful life which exceeds the expectancy of the life tenant (as shown by the Actuaries' Combined Experience Table of mortality and expectation of life), the fair market value of the improvement at the time of its acquisition by devise shall be apportioned between the life tenant and the remainderman, and the life tenant will be entitled to depreciation on the part of such fair market value apportioned to him in case he uses the improvement in his trade or business, a ratable portion of the amount so allocated to be claimed as depreciation each year, while the remainderman, upon the termination of the life estate, will be entitled to depreciation on the balance of such fair market value of the improvement provided the property is used by him in his trade or business. In case the useful life of the improvement is less than the expectancy of the life tenant, the life tenant is entitled to depreciation thereon as if he were the owner of the fee.

The Bureau of Internal Revenue thereafter issued a ruling (G.C.M. 1424) holding that:

Only a legal life tenant, as distinguished from a life beneficiary under a trust, is entitled to the depreciation allowance provided for in section 214 (a) (8) of the revenue act of 1926.

In that opinion it is stated:

It follows in the instant case that the trustee may take a proper deduction for the depreciation of the improved realty in computing the net income of the estate (although if the entire income of the trust is distributed annually the benefit of the deduction is necessarily lost), but the life beneficiary must return as her income the amounts paid to her undiminished by any allowance for depreciation (*Baltzell* v. *Mitchell*, 3 Fed. (2d) 428; T. D. 3668 (C. B. IV-1, 191). The remainderman can take no deduction for depreciation during the existence of the trust, although upon its termination he may claim a depreciation deduction as provided in article 161, regulations 69.

Thus, it was evident that under the 1926 Act the owner of a life estate pursuant to a trust created by will or other instrument was deprived of the benefit of a deduction for depreciation. That situa-

tion was brought to the attention of Congress, as appears from the "Hearings Before the Committee on Ways and Means, House of Representatives, (Interim, 69th—70th Congresses)."

In presenting the amendment the Senate Finance Committee made the following comments:

SEC. 23 (K) and (L).   DEPRECIATION AND DEPLETION—LIFE ESTATES AND TRUSTS.

The House bill makes no change in existing law with respect to these deductions. The committee proposes to amend and clarify the law governing the manner in which the deductions shall be apportioned as between life tenant and remainderman or trustee and beneficiary. There is uncertainty and considerable hardship in these two classes of cases under the existing law.

In the case of life tenant and remainderman the bill provides that the deductions should be imposed as in the case of a fee owner and shall be allowed to the life tenant during the time he holds the property and to the remainderman thereafter.

In the case of property held in trust the deduction is to be given to the beneficiary unless his share of the distributable income is reduced because of the depreciation of the trust property, in which case, and to the extent that it is so reduced, the deduction shall be allowed to the trustee.

A clerical change is made in section 24 (b) of the bill to obviate any conflict between that section and the provisions of sections 23 (k) and 23 (l).

The conference report on the proposed change is as follows:

AMENDMENT No. 30: Under the existing law difficulty has been experienced in determining and allowing the deduction for depreciation in cases where property is held by one person for life with remainder to another person; and the deduction, in the case of property held in trust, is allowable only to the trustee. The Senate amendment provides that a life tenant, for the purpose of this deduction, shall be considered as the absolute owner; so that he will be entitled to the deduction during his life, and that thereafter the deduction, if any, will be allowed to the remainderman. In the case of property held in trust, the allowable deduction is to be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the will, deed, or other instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income which is allocable to the trustee and the beneficiaries, respectively. For example, if the trust instrument provides that the income of the trust computed without regard to depreciation shall be distributed to a named beneficiary, such beneficiary will be entitled to the depreciation allowance to the exclusion of the trustee, while if the instrument provides that the trustee in determining the distributable income shall first make due allowance for keeping the trust corpus intact by retaining a reasonable amount of the current income for that purpose, the allowable deduction will be granted in full to the trustee. The bill contains similar provisions as to the deduction for depletion. The Senate amendment provides for an equitable apportionment of the deduction in these cases; and the House recedes.

AMENDMENTS Nos. 31 and 32: The purpose and effect of these amendments, which relate to the deduction for depletion in the case of property held by one person and the remainder to another person and in the case of property held in trust, is similar in effect to amendment numbered 30; and the House recedes.

From the legislative history above set forth, it is clear that Congress intended to grant to both life tenants and beneficiaries under

trust instruments the same privilege of deducting the depreciation allowance as that enjoyed by any other individual. The allowance to the income beneficiary, however, was subject to any specific provision relating thereto which might be contained in the trust instrument, or, lacking any such provision, to any division of trust income designated therein. The section has no other limitations whatever to the income beneficiary's right to the depreciation allowance.

Article 201 of Regulations 74 provides:

*. * * In the case of property held by one person for life with remainder to another person, the deduction for depreciation shall be computed as if the life tenant were the absolute owner of the property so that he will be entitled to the deduction during his life, and thereafter the deduction, if any, will be allowed to the remainderman. In the case of property held in trust, the allowable deduction is to be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the will, deed, or other instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income which is allocable to the trustee and the beneficaries, respectively. For example, if the trust instrument provides that the income of the trust computed without regard to depreciation shall be distributed to a named beneficiary, such beneficiary will be entitled to the depreciation allowance to the exclusion of the trustee, while if the instrument provides that the trustee in determining the distributable income shall first make due allowance for keeping the trust corpus intact by retaining a reasonable amount of the current income for that purpose, the allowable deduction will be granted in full to the trustee.

The will of Samuel Lederer made no provision for the deduction of depreciation by the petitioner's trustee. The petitioner is the sole beneficiary of the trust and thus, pursuant to the regulations, she is entitled to the entire depreciation allowance upon the trust property, to the exclusion of the trustee. Section 23 (k) plainly gives her the benefit of such an allowance and we see no proper ground for defeating the manifest intent of the statute.

The second reason assigned for denying the petitioner the depreciation allowance is that she is not entitled to take the full amount thereof if it exceeds the income distributable to her from the trust estate. The language of the section enumerating the various kinds of allowable deductions is wholly general in character. It is styled " DEDUCTIONS FROM GROSS INCOME " and employs the broadest terms in designating such deductions. None of these allowable deductions is restricted to the income from the property or obligations to which they relate. If the expenses of a trade or business exceed the receipts therefrom, the surplus amount may be included in the taxpayer's return as a deduction from other income. Similarly the indebtedness on which interest is allowed as a deduction is not required to be connected with income-producing property or a trade or business. " Taxes generally ", with specific exceptions, are de-

ductible regardless of the nature of the assessment or its relation, if any, to income.

Thus, while depreciation may emanate from certain property, the allowance of the deduction therefor is not limited to the income produced by that property. As we have seen, the enlargement of the depreciation section to include life tenants and income beneficiaries was made by Congress to place them on a parity with the legal owner of property. Being thus granted the benefit of the deduction, they may use it to offset income or profits derived from any source whatever.

Petitioner had no income from the trust during the taxable years, but she had other income. The depreciation of $4,580 for each of the years 1929 and 1930 is such proper deduction and is allowable.

Reviewed by the Board.

*Decision will be entered under Rule 50.*