### FLEMING v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9869.

Circuit Court of Appeals, Fifth Circuit.

July 8, 1941.

**8**

Harry C. Weeks, of Fort Worth, Tex., for petitioner.

Hubert L. Will, Sewall Key, Helen R. Carloss, and John J. Pringle, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This is a petition to reverse a judgment of the Board of Tax Appeals, which affirmed the Commissioner in determining deficiencies of income taxes of petitioner, William Fleming, trustee, of $2,500.53 and $3,020.80 for the fiscal years 1935 and 1936, respectively. We refer to the decision of the Board, 43 B.T.A. ——, for a comprehensive review of the facts and the law. The material facts necessary to be considered on this appeal may be somewhat briefly stated.

In December, 1933, William Fleming and his wife, residents of Fort Worth, Texas, created a trust in favor of their daughter, Mary. Under the terms of the instrument creating the trust William Fleming was the sole trustee and could distribute to or withhold from the beneficiary all or any part of the corpus or income of the trust and expend for her support any sums he might see fit in his uncontrolled discretion. Any sums distributed or disbursed would no longer be considered part of the trust. Any income not disbursed would be added to the trust fund. There was no provision requiring the allocation of any part of the trust income or depletion to the beneficiary.

Fleming was engaged in various business enterprises. After the creation of the trust he conducted his business, at least to some extent, as trustee. In 1934 Fleming, as trustee, in partnership with two other persons, made contracts with Rochester Haddaway and his associates to drill two oil wells in Rusk County, Texas, for the price of $22,500 each, to be paid out of only 7/16 of the oil produced. In the event the oil payments were not made the drillers had the right to salvage the equipment or to drill another well on the property and be paid out of oil produced from it. Fleming's interest as trustee in the drilling contracts was $29,250 and his share of the cost of drilling and equipping the wells was $13,134.26. In 1935 and 1936, as trustee, he received from the Haddaway contracts oil payments of $3,376.18 and $5,365.15 for the respective years.

As trustee, Fleming made returns for income taxes for his fiscal years 1935 and 1936, which ended on August 31st.

He did not include the Haddaway oil payments received as taxable income, on the theory that he was entitled to recoup his costs expended in drilling and equipping the wells before there was any taxable income from that source. During the fiscal years 1935 and 1936 Fleming distributed to the beneficiary $25,000 and $35,000 for the respective years. Returns were filed for the beneficiary and taxes paid, without deducting any amount for depreciation or depletion. Since the determination of the deficiencies in income taxes paid by the trustee she has filed claims for refunds.

The Commissioner allowed deduction of part of the Haddaway oil payments as costs of drilling and depletion as to the balance. The Board disagreed and held the taxpayer was entitled only to depletion. The Commissioner raises no point as to this. In addition to the Haddaway oil payments there were other items returned, which were subject to depletion. The Commissioner allocated to the beneficiary part of the depletion allowances, in the proportion the amount distributed to her bore to the net income of the trust. With this the Board agreed. It was stipulated that if the Commissioner was right as to his interpretation of the law the amounts were correct.

In support of the contention that the Haddaway oil payments did not constitute taxable income petitioner relies on our decision in Commissioner v. Laird, 5 Cir., 91 F.2d 498. In that case we held that the taxpayer who had inherited certain oil payments, which were appraised for the purpose of assessing estate taxes, was not required to account for them until they exceeded the appraisal value of what he had inherited. We do not consider that case in point as applied to the facts in the case at bar. In this case by virtue of the drilling contracts petitioner acquired an economic interest in a fraction of the oil in place. In a similar situation we held, in Dearing v. Commissioner, 5 Cir., 102 F.2d 91, that the taxpayer could recoup the costs of drilling the wells only through depletion. We adhere to the decision in the Dearing case.

Prior to the Revenue Act of 1928 only the trust and not the beneficiary could deduct depletion. The Revenue Act of 1928, § 23(*l*), 26 U.S.C.A. Int.Rev.Acts, page 358, and subsequent revenue acts changed this. The Revenue Act of 1934, Sec. 23(m), 26 U.S.C.A. Int.Rev.Acts, page 673, provides as to deductions for depletion from income received from oil and gas wells as follows: "In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each."

Petitioner argues that since the instrument creating the trust contained no provision requiring the allocation of depletion or income to the beneficiary, and distribution of the trust income to the beneficiary was entirely within the trustee's discretion, he could withhold allocation of depletion on the distribution from the beneficiary and the Act does not apply.

"Allocable" is synonymous with "distributable." Century Dictionary "Allocate." It is a term generally used by accountants. So used it means, in analyzing accounts, the breaking down of a lump sum charged or credited to one account into several parts to be charged or credited to other accounts. Bienvenu, Accounting and Business Dictionary, "Allocate." It is true the trustee was not obliged to make any distribution of trust income to the beneficiary but he did so. The provision of the Act requiring the apportionment of depletion on the basis of the trust income allocable to

the beneficiary was intended to apply to such situations. The act is mandatory. The fact that the trustee distributed part of the trust income to the beneficiary in each of the taxable years here involved conclusively shows that the income distributed was allocable within the meaning of the Act.

The record presents no reversible error. The petition is denied and the judgment of the Board is affirmed.