**NEWBURY v. UNITED STATES.**

No. 45597.

Court of Claims.

Oct. 2, 1944.

Writ of Certiorari Denied Jan. 29, 1945.
See 65 S.Ct. 559.

Llewellyn A. Luce, of Washington, D. C., for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Asst. Atty. Gen. (Fred K. Dyar, of Washington, D. C., on the brief), for defendant.

WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges, concur.

LITTLETON, Judge.

Plaintiff is the trustee of certain trusts created by the will of her former husband, Charles Netcher, who died June 19, 1904. She is also a life beneficiary of one-third of the net income of the principal trust. The other beneficiaries were the four children of the decedent and plaintiff. By the will of Charles Netcher, the decedent, his entire estate, except for a special bequest to his widow, was left in trust to his widow, she to receive one-third of the net income of the trust for life with power by will or deed to dispose of the right to such income from her death until the termination of the trust; the remaining two-thirds of the net income to be divided into four equal portions to be held in trust for each of the four children. The trust was to continue until the death of the last survivor of decedent's widow and his four children. The trust instrument provided that until each of the children attained the age of 25 years, respectively, the trustee should use and expend so much of each separate trust fund held for each child as, in her opinion, might be necessary for the education and support of such child. On attaining the age of twenty-five years each child was to become entitled thereafter to receive one-fourth of the entire net income of the above-mentioned two-thirds of the principal trust estate. The trust instrument provided that

at any time after attainment of the age of twenty-five years the trustee might, in her discretion, pay over to any child the sum of $25,000 and after attaining the age of thirty years the sum of $100,000, and, at this point, the trust instrument stated as follows:

"Both of said payments of Twenty-five Thousand Dollars ($25,000) and of One Hundred Thousand Dollars ($100,000) shall be made out of the Separate Trust Fund hereinabove provided for the benefit of the child to whom such payments are made, or if said Separate Trust Fund be not sufficient for said payments, then out of the principal of said Principal Trust Estate, provided it be not necessary to sell any of the real estate in Block Fifty-eight (58) of the Original Town of Chicago, in Cook County, Illinois, for the purpose of making such payments, it being my wish that said real estate in said Block Fifty-eight (58) shall be held together for the benefit of my entire Estate and the beneficiaries thereunder, subject to the power of sale or other disposition hereinafter given to the executor or executors, trustee or trustees under this Will."

Plaintiff, having a one-third interest in the annual net income of the trust and a one-third remainder interest in the trust corpus, claims that as such beneficiary she is entitled to deduct from her gross income in her individual income tax returns her proportionate share (one-third, or $47,-623) of the depreciation of $147,868.98 sustained by the properties of the trust in each of the years 1935, 1936, and 1937.

Defendant denied this claim of the plaintiff, which she presented in timely claims for refunds, and held that under the terms of the trust instrument the provisions of section 23 (*l*), Revenue Acts of 1934 and 1936, 26 U.S.C.A. Int.Rev.Code, § 23(*l*), and art. 23 (*l*)–1, Regulations 86 and 94 (hereinafter quoted), the depreciation on the trust properties was deductible by the trustee and that such depreciation deduction had been properly taken by the trustee in the fiduciary returns, Form 1041, filed for each of the years in question (see findings 6 and 7).

The correctness of this decision of the defendant is the issue presented in this proceeding. The solution of the question turns upon the interpretation of the above quoted portion of the will and section 23(*l*)

of the Revenue Act of 1934, 48 Stat. 689, first enacted as section 23(k), Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 358. Section 23(*l*) is, so far as material here, as follows:

"Sec. 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

\*　　　　\*　　　　\*　　　　\*

"(*l*) Depreciation. A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each."

Treasury Regulations 86 and 94 provided as follows:

"Art. 23(*l*)–1. Depreciation.—\* \* \* In the case of property held by one person for life with remainder to another person, the deduction for depreciation shall be computed as if the life tenant were the absolute owner of the property so that he will be entitled to the deduction during his life, and thereafter the deduction, if any, will be allowed to the remainderman. In case of property held in trust, the allowable deduction is to be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the will, deed, or other instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income which is allocable to the trustees and the beneficiaries, respectively. For example, if the trust instrument provides that the income of the trust computed without regard to depreciation shall be distributed to a named beneficiary, such beneficiary will be entitled to the depreciation allowance to the exclusion of the trustee, while if the instrument provides that the trustee in determining the distributable income shall first make due allowance for keeping the trust corpus intact by retaining a reasonable amount of

the current income for that purpose, the allowable deduction will be granted in full to the trustee."

In presenting this change in the Revenue Act of 1928 the Senate Finance Committee (S. Rep. No. 960, 70th Cong., 1st Sess., p. 20) submitted the following explanation:

"The House bill makes no change in existing law with respect to these deductions [depreciation and depletion]. The committee proposes to amend and clarify the law governing the manner in which the deductions shall be apportioned as between life tenant and remainderman or trustee and beneficiary. There is uncertainty and considerable hardship in these two classes of cases under the existing law.

"In the case of life tenant and remainderman the bill provides that the deduction for depreciation shall be computed as if the life tenant were the absolute owner of the property—that is, in accordance with the estimated useful life of the property—and shall be allowed to the life tenant each year that he holds the property. In the case of property held in trust, the allowable deduction is to be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the will, deed, or other instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income which is allocable to the trustee and the beneficiaries, respectively. For example, if the trust instrument provides that the income of the trust computed without regard to depreciation shall be distributed to a named beneficiary, such beneficiary will be entitled to the depreciation allowance to the exclusion of the trustee, while if the instrument provides that the trustee in determining the distributable income shall first make due allowance for keeping the trust corpus intact by retaining a reasonable amount of the current income for that purpose, the allowable deduction will be granted in full to the trustee. The bill contains similar provisions as to the deduction for depletion."

From all the foregoing it will be seen that in the case of trust property the depreciation deduction is to be taken by and allowed to the trustee, or the beneficiaries, according to the intention of the donor or decedent as disclosed in the provisions of the trust instrument, and if such intention is not disclosed the depreciation deduction is to be determined and allowed on the basis of the trust income allocable to the trustee and the beneficiaries.

In the case at bar we think the pertinent provision of the will hereinabove quoted rather clearly expressed the intention and desire of the decedent that a deduction for depreciation of the trust property should be taken by the trustee for the Trust Estate in determining the net income distributable to the beneficiaries, and that the finding and decision of the Commissioner of Internal Revenue to that effect were correct. In making the fiduciary returns for the years in question the trustee appears to have so interpreted the will and deducted the full allowances for depreciation in determining whether there was a net income of the trust estate distributable to the beneficiaries. The word "allocable" in section 23(l) means "distributable." Fleming v. Commissioner of Internal Revenue, 5 Cir., 121 F.2d 7.

The identical question here presented was before the Tax Court of the United States in the cases of Netcher et al. v. Commissioner of Internal Revenue (1942 Prentice-Hall B. T. A. Memorandum Decisions Service, par. 42590), and the Tax Court held in a memorandum opinion November 10, 1942, that inasmuch as the 1928 and later acts allowed depreciation to be taken by a life tenant as if he were the absolute owner of the property the several life beneficiaries of the Netcher Trust were entitled to deduct the depreciation on the trust property in accordance with their respective interests. The Tax Court did not discuss the provisions of the will with reference to the depreciable property of the trust and the special statutory provisions dealing with property held in trust. On appeal, Commissioner of Internal Revenue v. Francice Netcher, 143 F.2d 484, 485, the Circuit Court of Appeals for the Seventh Circuit in a well reasoned opinion reversed the Tax Court and held that under the statute, the regulations, and the intention of the decedent as expressed in the will, the depreciation in question was properly deducted by the trustee and was not allowable to the beneficiaries. In this opinion the Circuit Court said:

"The Board of Tax Appeals heretofore held in the case of Newbury v. Commissioner, 26 B.T.A. 101 [which involved the years 1923 to 1925, inclusive], that the trustee was required (or the will was sus-

ceptible of that construction and the action of the parties confirmed that impression) to provide for depreciation reserve from the income of the principal trust. The Commissioner acquiesced in the decision.

\* \* \* \* \*

"The Tax Court [in Netcher v. Commissioner] held among other things that because of two changes in the 1928 Revenue Act, enacted after the Newbury decision, that decision was no longer res judicata or 'the law of the case.' Secondly, it seems to have held that the right to depreciation deduction was lodged entirely in the beneficiary, and, under authority of its Carol decision (Sue Carol v. Com'r, 30 B.T.A. 443), the taxpayer could use the unused portion of its depreciation deduction against other, independent income.

" \* \* \* In the instant situation, the statute was amended to provide for the use of the depreciation deduction in a contingency where the will specifically provides for the depreciation deduction, and also where it fails to so provide. It follows, therefore, that both the Commissioner and the courts must turn to the will to first determine whether it so provides. The statute in no way sets up criteria to determine whether a will does or does not so provide.

\* \* \* \* \*

"While the quoted provision of the will is not a perfectly clear authorization that the trustee should take a depreciation deduction, there is sound logic in the Board's original construction that such was the intent of the testator. We see no reason for changing that conclusion now. The construction of the will can not be made to turn on its belated effect on the income of a beneficiary of a subsidiary trust.

"What was under consideration in the Newbury case [26 B.T.A. 101] was an ascertainment of the testator's intention, as disclosed by his will. No subsequent statute or tax situation can affect, much less change, the intention of the long-deceased testator.

\* \* \* \* \*

"Believing and holding, as we do, that it was the testator's intention to provide for a depreciation reserve, we reach this conclusion, not because of any prior holding in the Newbury decision, but because the above-quoted language of the will, and the facts explanatory of the testator's intention, authorized the trustee to erect a building which would necessitate a large indebtedness. These facts convince us that no other construction of the deceased's will can be reconciled with his wishes, his testamentary directions, or his intentions."

After quoting from the Report of the Congressional Committees, the Court said:

"Our conclusion that trustee was required to make allowance for keeping the trust intact before making distribution to beneficiaries necessarily leads us up to apply the statute in the light of the report of the committee, that the entire allowable deduction in this case is for the trustee. If the trustee takes the entire deduction, then beneficiary can take nothing.

"In other words, the two clauses of the last sentence of the statute must be read together. The effect of testator's will was to make the depreciation deduction a credit which belonged solely to the trustee. There can be no apportioning of a deduction when it all belongs to one party. 'The pertinent provision' of the will which created the trust did, in effect, though not in exact words, provide that the depreciation deduction belonged to the trustee. That result gave it all to the trustee."

We agree with the reasoning and conclusions of the Circuit Court of Appeals.

The petition is dismissed. It is so ordered.

WHALEY, Chief Justice, concurs.

MADDEN, Judge (concurring in the result).

I agree that the plaintiff may not, as a beneficiary of the trust, take the depreciation for which she contends. I think, however, that the reason for this conclusion is not the reason given in the opinion of the court.

Section 23(*l*) of the Revenue Act of 1934, 48 Stat. 689, 26 U.S.C.A. Int.Rev. Code § 23(*l*) says:

"Sec. 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

\* \* \* \* \*

"(*l*) Depreciation. A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, in-

cluding a reasonable allowance for obsolescence. In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each."

The opinion of the court, following the opinion of the Circuit Court of Appeals for the Seventh Circuit in Commissioner v. Netcher, 143 F.2d 484, goes to considerable lengths to discover "pertinent provisions of the instrument creating the trust", which have the effect of directing or authorizing the trustee to set up a reserve for depreciation. The plaintiff urges that the will contains no "pertinent provisions", but is completely silent on the subject. As to this, I agree with the plaintiff. I think that the words in the will "it being my wish that said real estate be held together for the benefit of my entire estate and the beneficiaries thereunder", tell us nothing whatever about the wishes of the testator as to whether his widow and trustee should set up a depreciation reserve to replace, some time in the remote future, a new building which she, as trustee, built on the land after the testator's death. The purpose, apparently, of carrying the process of construction of language to such lengths is to bring the case within the scope of that part of Section 23(l) which is fairly clear and tangible.

I think that the alternative provision of the section which reads "or, in the absence of such [pertinent] provisions [of the instrument creating the trust] on the basis of the trust income allocable to each" [the income beneficiaries and the trustee] is, because of the silence of the will on the subject, the applicable provision. It seems to me to mean that when the will is silent, one must ascertain how, with regard to the depreciation question, the trust income is to be distributed, and assign the depreciation deduction accordingly. I cannot think of any other meaning for the statutory language quoted above. If it does mean what I have suggested, it is of great importance since, probably, a large proportion of trust instruments are silent on the question of setting up depreciation reserves.

If, then, the trust instrument contains no "pertinent provisions" one must look to the law relating to the duties of trustees to ascertain "the trust income allocable" to income beneficiaries and trustees. This will be the law of the state having jurisdiction of the trust. In this case that would be the law of Illinois. If the plaintiff, who here sues as beneficiary, does not have the right, as trustee, to set aside from income a reserve for depreciation of the property, and add that reserve to the corpus of the trust, she has been, for many years, violating the rights of the several other beneficiaries by diverting income which belonged to them to corpus which would ultimately go to remaindermen. So the plaintiff could hardly, and does not, suggest that the proper "basis of the trust income allocable to each" is different from the actual disposition of the income which has been made for many years by herself as trustee. See Restatement, Trusts, § 233, comments l and p as to the rules generally applicable in American jurisdictions.

The reports of committees of Congress, and the Regulations promulgated by the Department throw no light on the meaning of the statutory language which, I have suggested, is applicable to this case. But I can see no reason why there should be a difference, for tax purposes, between the following two cases. First, the testator directs the trustee to take out of income and add to the corpus each year 3⅓% of the initial value of any building which is or may become a part of the trust property. Second, the testator says nothing relevant to the matter, but the law of the state having jurisdiction says that, unless the testator has expressly provided to the contrary the trustee shall take out of income and add to the corpus of the trust 3⅓% of the initial value of any building which is or may become a part of the trust property. In each case the income, before depreciation, goes the same way, and the text of the statute seems to me to say that the allowance for depreciation, for income tax purposes, should go the same way. In both cases the income beneficiary has no right to receive as income, either presently or in the future, that part of the "income before depreciation is deducted" which is directed by the will or by the law not to be distributed, but to be put in a reserve. It is

none of his affair, as income for tax purposes, and that seems to be, in a somewhat vague sense, the reason why the statute denies him the right to use it as an offset against income which he has received from other sources. The trustee, as the owner of the corpus of the estate which would, but for the reserve, go down in its depreciated condition to the remainderman, represents the permanent interest in the property which is hurt by the depreciation, and should be able to set off the loss against taxable accretions to the corpus. It was not possible, in the statutory scheme, to treat the trust situation exactly like the legal life tenant and remainder situation, since in the latter case there is frequently no ascertainable person to represent the permanent interest in the property, and even if there is such a person, he has no income from it. It probably seemed fair to Congress, therefore, to give the life tenant the depreciation allowance even though the loss is, largely, not his loss, rather than to deny any depreciation allowance to anyone.

WHITAKER, Judge, concurs in the foregoing opinion.