RAYMOND J. DUSEK AND VELMA W. DUSEK, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5074–63. Filed January 4, 1966.

*Julian P. Kornfeld* and *Robert B. Milsten*, for the petitioners.
*Bruce Hallmark*, for the respondent.

PIERCE, *Judge:* Respondent determined deficiencies in the income taxes of the petitioners for the taxable calendar years 1959, 1960, and 1961, in the amounts of $2,687.49, $4,922.61, and $2,314.39, respectively. Subsequently at the commencement of the trial herein, he asserted claim to additional deficiencies for the years 1959 and 1960 in the respective amounts of $49.68 and $107.66.

The issues presented are:

(1) Whether petitioner Velma W. Dusek, who was the income beneficiary of a trust created by her husband, was entitled to deduct on the joint income tax return that she filed with her husband for each of the years involved, all depreciation sustained on the trust properties for said years, where one of the pertinent provisions of the trust indenture required the trustee to set up a reserve for such depreciation.

(2) Whether in any event, said petitioner is precluded from deducting any depreciation in respect of the trust for the year 1961, on the ground that the trust sustained no such depreciation by reason of its sale during that year of all its depreciable properties for an amount in excess of the adjusted basis thereof on January 1, 1961.

We shall hereinafter deal with these issues, consecutively.

*Issue 1*

FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts and all exhibits identified therein are incorporated herein by reference.

Petitioner Raymond J. Dusek was, at all times material, the branch manager in Oklahoma City of a stock brokerage firm that operated on a national basis. He and his wife, petitioner Velma W. Dusek, resided in Oklahoma City, Oklahoma; and for each of the years here involved they filed a joint income tax return with the district director of internal revenue for the district of Oklahoma.

On May 1, 1956, Raymond created a trust named the Velma W. Dusek Trust No. 1, by executing an indenture between himself acting in the capacity of the grantor, and himself acting in the capacity of the trustee. This indenture made provision, in substance and so far as here material, for the following:

The principal of the trust was to consist of all property which the grantor or others might assign to the trust; and the trustee agreed to hold, administer, and distribute the same in accordance with the terms and conditions of the indenture.

As regards the trust income, item (a) of Article I provided in substance that the "net income" would consist of that portion of the total income received or derived by the trustee from the property comprising the principal of the trust, which remained after the trustee had *first paid* all the necessary costs and expenses of administration, and also after he had *first made the adjustments* permitted or provided for in item (f) of Article V of the indenture. Said item (f) of Article V pertained principally to the apportionment between principal and income of such items as gains and losses from sale of trust properties, rights to subscribe to securities, and stock dividends; and it also contained another specific direction to the trustee which read: "Depreciation and depletion shall be reserved out of income."

As regards distribution of the "net income," the indenture provided in item (b) of Article I that any current or accumulated net income might be distributed to petitioner Velma W. Dusek as the primary beneficiary, whenever in the discretion of the trustee such distribution or distributions were necessary for emergency needs of said beneficiary or to maintain her in the manner of living to which she had been accustomed.

As regards the term of the trust, items (c) and (d) of Article I provided in substance, that the trust would terminate in 10 years and 1 month after the initial contribution made to it by the grantor, and that thereupon all current and accumulated net income would be distributed to the primary beneficiary; or in the event the primary beneficiary should die before the expiration of such 10-year period, then the trust would terminate on her death, and all undistributed net income would become distributable in the manner provided; and that upon any termination, the principal of the trust would be distributed to the grantor, petitioner Raymond J. Dusek, free of trust.

Article V stated at the outset that its provisions were subject to the provisions and limitations contained in other articles of the indenture; and it included not only the above-mentioned item (f), but also the following item (m):

The Trustee is authorized to apportion and allocate between the Trust and the Primary Beneficiary all appropriate tax deductions for depletion and depreciation and *any other apportionable tax deductions* in such manner as he may see fit. [Emphasis supplied.]

On May 15, 1956, which was shortly after the trust had been created, the trustee purchased on behalf of the trust and at the total price of $100,000, three brick duplex apartment buildings, together with the land thereunder and certain equipment located therein. Also soon thereafter, the trustee caused certain improvements to be made to these apartments, at an additional cost of $17,428.74. Thereafter at all times material, these apartments were rented to tenants; the same were held by the trustee for the production of income; and the buildings, improvements, and equipment constituted depreciable assets for income tax purposes.

The evidence herein does not establish the amount of the total *gross* income received or derived by the trustee for the 3 taxable years here involved; but it does establish the following:

|  | 1959 | 1960 | 1961 |
|---|---|---|---|
| *Net income* of trust, *before* depreciation | $5,509.41 | $5,138.94 | $15,826.94 |
| Depreciation sustained by trust, *as computed by trustee* | 4,639.27 | 11,087.19 | 4,581.01 |
| Income distributed by the trustee to Velma W. Dusek, the income beneficiary | 100.00 | 100.00 | 100.00 |

For said 3 years here involved, Raymond, as trustee, formally allocated to Velma, as the primary beneficiary, all of the Federal income tax deductions for the above-listed amounts of depreciation which he had computed to have been sustained by the trust in said respective years. And thereafter, Raymond and Velma, in the joint income tax returns which they filed for said years, deducted as depreciation of trust properties these same respective amounts.

The respondent initially determined in his notice of deficiency herein, that Velma was entitled to depreciation deductions in respect of the trust properties in the reduced amounts of $84.21 for the year 1959, $215.32 for the year 1960, and $28.94 for the year 1961—reflecting the limited portions of the total trust incomes which she received. Subsequently however the respondent, in an amended answer to the petition herein, took the position that Velma is not entitled to any portion of the trust's depreciation deduction for any of the years involved—on the ground that one of the pertinent provisions of the trust inden-

ture required the trustee to establish a reserve for depreciation out of the trust income.

OPINION

This case presents the question of whether petitioner Velma W. Dusek, as income beneficiary of a trust of which her husband was both grantor and trustee, was entitled to deduct on the joint income tax returns filed by her and her husband for the years involved, all of the deduction for depreciation in respect of the trust's properties for said years—notwithstanding that under the terms of the instrument creating the trust, the husband in his capacity as trustee was required to reserve depreciation out of the trust income; and that actually, he distributed only a nominal amount of trust income to his wife as beneficiary.

1. It should be observed at the outset that if said question may properly be answered in the affirmative, an extraordinary result would follow. First, the husband, as grantor, by creating the 10-year trust and placing income-producing properties therein, would cause the income from said properties to be excluded from his own gross income as reported on the joint return with his wife. Second, by the husband's action as trustee in distributing to his wife as beneficiary only a nominal amount of the trust income, he would cause almost none of said trust income to be included in the wife's gross income as reported on the joint return. And then third, by the husband's further action as trustee in allocating to his wife all of the depreciation allowable in respect of the trust properties, notwithstanding that he was required to reserve depreciation out of the trust income, he and his wife could, on their joint return, use the depreciation on the trust properties to offset their gross incomes from non-trust sources.

It is our opinion that under the controlling statute and applicable Treasury regulations, such result cannot be attained. For under these authorities, as hereinafter shown, if the trustee is directed to maintain a reserve for depreciation in any amount, the deduction for the depreciation is allowed to the trustee (except to the extent that income set aside for the reserve is less than the allowable deduction). In the instant case, there is no evidence which would cause the latter exception to be applicable.

2. The controlling statute here is section 167(h) of the 1954 Code. This provides in material part:

In the case of property held in trust, the deduction * * * shall be apportioned between the income beneficiaries and the trustee *in accordance with the pertinent provisions of the instrument creating the trust,* or in the absence of such provisions, on the basis of the trust income allocable to each. [Emphasis supplied.]

The meaning of this statutory provision, and particularly the portion thereof which is italicized above, is implemented in section 1.167(h)–1(b), Income Tax Regs., as follows:

Sec. 1.167(h)–1. * * *

(b) *Trusts.* If property is held in trust, the allowable deduction is to be apportioned between the income beneficiaries and the trustee on the basis of the trust income allocable to each, *unless the governing instrument (or local law) requires or permits the trustee to maintain a reserve for depreciation in any amount. In the latter case, the deduction is first allocated to the trustee* to the extent that income is set aside for a depreciation reserve, and any part of the deduction in excess of the income set aside for the reserve shall be apportioned between the income beneficiaries and the trustee on the basis of the trust income (in excess of the income set aside for the reserve) allocable to each. For example:

\* \* \* \* \* \* \*

.(2) If under the trust instrument or local law the income of a trust is to be distributed to a named beneficiary, *but the trustee is directed to maintain a reserve for depreciation in any amount, the deduction is allowed to the trustee* (except to the extent that income set aside for the reserve is less than the allowable deduction). The same result would follow if the trustee sets aside income for a depreciation reserve pursuant to discretionary authority to do so in the governing instrument.

[Emphasis supplied.]

3. Petitioners have argued on brief that the above-quoted Treasury regulation is invalid, on the ground that it is in conflict with the statute. We do not agree.

The above-quoted language of section 167(h) of the 1954 Code appeared for the first time in the Federal income tax statutes, in section 23(k) of the Revenue Act of 1928. And in the Conference Report on the bill for said Act, Congress made abundantly clear its intention as to the meaning which should be attributed to said statute. It said (H. Rept. No. 1882, 70th Cong., 1st Sess., p. 11):

Amendment No. 30: *Under existing law* difficulty has been experienced in determining and allowing the deduction for depreciation in cases where property is held by one person for life with remainder to another person; *and the deduction, in the case of property held in trust, is allowable only to the trustee.* The Senate amendment provides that * * *. In the case of property held in trust, the allowable deduction is to be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the will, deed, or other instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income which is allocable to the trustee and the beneficiaries, respectively. For example, if the trust instrument provides that the income of the trust computed without regard to depreciation shall be distributed to a named beneficiary, such beneficiary will be entitled to the depreciation allowance to the exclusion of the trustee, *while if the instrument provides that the trustee in determining the distributable income shall first make due allowance for keeping the trust corpus intact by retaining a reasonable amount of the current income for that purpose, the allowable deduction will be granted in full to the trustee.* The bill contains similar provisions as

to the deduction for depletion. *The Senate amendment provides for an equitable apportionment of the deduction in these cases; and the House recedes.* [Emphasis supplied.]

Shortly following adoption of the Revenue Act of 1928, Regs. 74 were promulgated; and in article 201 of these regulations there appeared the following statement which reflected views similar to those set forth in the above-quoted congressional report:

If the [trust] instrument provides that the trustee in determining the distributable income shall first make due allowance for keeping the trust corpus intact by retaining a reasonable amount of the current income for that purpose, *the allowable deduction will be granted in full to the trustee.* [Emphasis supplied.]

This provision has since been carried forward in the various Treasury regulations without substantial change for approximately 36 years; and, as above shown, it also is embodied in substance in the current regulations for the 1954 Code.

In addition, both this Court and others have given recognition to the same principle. See: *John R. Upton,* 32 T.C. 301, 309, affd. 283 F. 2d 716 (C.A. 9), certiorari denied 366 U.S. 911; *Newbury* v. *United States,* 57 F. Supp. 168 (Ct. Cl.), certiorari denied 323 U.S. 802.

Since in the instant case, the trust indenture required the trustee to preserve the trust corpus by establishing a reserve for depreciation, this requirement constituted in effect an allocation of the trust's depreciation deductions to the trustee. The provisions for this requirement are the "pertinent provisions of the instrument" within the meaning of section 167(h) of the 1954 Code. Accordingly, the trustee's attempt to allocate all of such depreciation deductions to the income beneficiary under the broadly worded fiduciary power contained in item (m) of Article V of the indenture, was and is not effective.

We decide the first issue in favor of the respondent. And by reason of such action, it is unnecessary for us to consider or decide issue 2.

*Decision will be entered under Rule 50.*