Raymond J. DUSEK and Velma W. Dusek, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 8703.

United States Court of Appeals
Tenth Circuit.
April 24, 1967.

Julian P. Kornfeld, of Mosteller, Andrews & Mosburg, Oklahoma City, Okl., for petitioners.

Anthony Zell Roisman, Atty., Dept. of Justice (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and Gilbert E. Andrews, Attys., Dept. of Justice, were with him on the brief), for respondent.

Before PICKETT, BREITENSTEIN and HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Petitioners seek review of a Tax Court decision [1] disallowing deductions claimed on account of depreciation of property held in trust for the benefit of petitioner Velma Dusek.

Raymond Dusek created a trust in favor of Velma, his wife. Raymond was both the grantor of the trust and the trustee. The term of the trust was 10 years and one month. The trust agreement provided that the net income "may be distributed" to Velma when, in the discretion of the trustee, her needs required. Net income was all income from the trust property after payment of "all the necessary costs and expenses incident to the management, maintenance and conservation of this Trust," the compensation of the trustee, and "such adjustments thereto as are permitted and provided for hereinafter in Item (f) of Article V." The latter item relates to the determination of net income and provides, among other things, that "depreciation and depletion shall be reserved

1. See 45 T.C. 355.

out of income." Article V, Item (m), reads:

"The Trustee is authorized to apportion and allocate between the Trust and the Primary Beneficiary [Velma] all appropriate tax deductions for depletion and depreciation and any other apportionable tax deductions in such manner as he may see fit."

Raymond contributed over $100,000 to the trust. These funds were used for the purchase of rental property. During the three tax years in question, 1959, 1960, and 1961, the net income of the trust before depreciation ranged from $5,100 to $15,800, and in the same period the depreciation ranged from $4,500 to $11,000. In each year, the trustee distributed only $100 to Velma and, at the same time, allocated to her all of the federal income tax deductions for depreciation. In their joint federal income tax returns for each year the taxpayers claimed as a deduction from their gross income the depreciation on the trust property. Although he made no point of the propriety or accuracy of the depreciation computations made by the trustee, the Commissioner disallowed the deductions and assessed deficiencies.

The controlling provisions of the applicable statute, § 167(h) of the Internal Revenue Code of 1954, 26 U.S.C. § 167 (h), are:

"In the case of property held in trust, the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each."

The question is what are the "pertinent provisions" of the trust agreement. The Commissioner says they are those of Article V, Item (f), requiring that depreciation be reserved out of income. The taxpayers say they are those of Article V, Item (m), relating to the allocation of tax deductions for depreciation. The Tax Court adopted the theory of the Commissioner and upheld the deficiency determination.

Section 167(h) is a carry-over from § 23(k) of the Revenue Act of 1928, ch. 852, 45 Stat. 791. Before the enactment of § 23(k) the rule was that the trust as the entity with legal title to the depreciable assets was the only taxpayer entitled to any portion of the depreciation deduction regardless of whether it would derive any tax benefit therefrom.[2] This situation had caused "uncertainty and considerable hardship."[3] An example of the operation of the provisions that became § 23(k) is given thus in the House Conference Report:[4]

" * * * if the trust instrument provides that the income of the trust computed without regard to depreciation shall be distributed to a named beneficiary, such beneficiary will be entitled to the depreciation allowance to the exclusion of the trustee, while if the instrument provides that the trustee in determining the distributable income shall first make due allowance for keeping the trust corpus intact by retaining a reasonable amount of the current income for that purpose, the allowable deduction will be granted in full to the trustee."

The taxpayers say that this legislative history is not pertinent because the statute is not ambiguous. The answer is that the statute does not define "pertinent provisions" and the example given in the House Conference Report is significant to show what Congress considered a pertinent provision.

From 1928 until amended in 1956, the applicable regulations stated the sub-

2. Lambert Tree Trust Estate v. Commissioner of Internal Revenue, 38 T.C. 392, 403.

3. See S.Rep. No. 960, 70th Cong., 1st Sess., 1939–1 Cum.Bull. (Part 2) 409, 423.

4. H.Conf.Rep. No. 1882, 70th Cong., 1st Sess., 1939–1 Cum.Bull. (Part 2) 444, 445.

stance of the statute and gave the same example as that contained in the House Conference Report. As amended, the pertinent provisions of the regulation are:[5]

"If property is held in trust, the allowable deduction is to be apportioned between the income beneficiaries and the trustee on the basis of the trust income allocable to each, unless the governing instrument (or local law) requires or permits the trustee to maintain a reserve for depreciation in any amount. In the latter case, the deduction is first allocated to the trustee to the extent that income is set aside for a depreciation reserve, and any part of the deduction in excess of the income set aside for the reserve shall be apportioned between the income beneficiaries and the trustee on the basis of the trust income (in excess of the income set aside for the reserve) allocable to each. For example:

\*　\*　\*　\*　\*　\*

(2) If under the trust instrument or local law the income of a trust is to be distributed to a named beneficiary, but the trustee is directed to maintain a reserve for depreciation in any amount, the deduction is allowed to the trustee (except to the extent that income set aside for the reserve is less than the allowable deduction). The same result would follow if the trustee sets aside income for a depreciation reserve pursuant to discretionary authority to do so in the governing instrument. \* \* \*"

■■ The taxpayers argue that the amended regulation rewrites the statute because its effect is to say that the only pertinent provision in a trust instrument is one permitting a trustee to set aside from trust income a reserve for depreciation. The argument overlooks what we believe to be the intent of Congress in enacting § 23(k). The purpose was to recognize that the equitable interest of a trust beneficiary, as reflected in the trust income allocable to him, is sufficient to entitle him to claim the depreciation deduction to the extent of the income so allocable. Income set aside in a depreciation reserve is not so allocable.

■ The treatment of depreciation in the cases of life estates with remainder over and of beneficiaries of estates is covered by the same section as that applying to beneficiaries of trusts. For life tenants, heirs, legatees, and devisees, Congress required that the deduction for depreciation follow the income on the depreciable property. It would be strange indeed to construe the section so as to permit, in the case of a trust beneficiary, a complete separation of the income and the deduction. In Calvin v. United States, 10 Cir., 354 F.2d 202, 204, we held that an income tax deduction may be taken only by the taxpayer who incurs it. The same principle applies here. The depreciation here was incurred by the trustee—not by the beneficiary.

The taxpayers' contention that Article V, Item (m), controls and permits the trustee to apportion tax deductions for depreciation is unconvincing. We are not presently concerned with the effect such provision might have if the trust instrument did not require that depreciation shall be reserved out of income. The fact that under the trust instrument the income was allocable to the beneficiary makes no difference. The allocation was to be made only out of net income and that is what remains after various adjustments including those "permitted and provided" in Item (f) of Article V. The depreciation claimed by the taxpayers is that appearing on a schedule attached to the trustee's return. The question of whether the trustee actually set up a reserve account is immaterial.

Our conclusion is in accord with that reached by other courts. Commissioner of Internal Revenue v. Netcher, 7 Cir., 143 F.2d 484, cert. denied. 323 U.S. 759,

5. Section 1.167(h)–1(b), Treasury Regulations on Income Tax (1954 Code) 26 C.F.R. § 1.167 (h)–1(b).

65 S.Ct. 92, 89 L.Ed. 607, and Newbury v. United States, 57 F.Supp. 168, 102 Ct.Cl. 192, cert. denied 323 U.S. 802, 65 S.Ct. 559, 89 L.Ed. 640, each involved the same trust which contained a provision that the property shall be "held together for the benefit of my entire Estate and the beneficiaries thereunder," a provision much less explicit than that with which we are here concerned. In Upton v. Commissioner of Internal Revenue, 9 Cir., 283 F.2d 716, cert. denied 366 U.S. 911, 81 S.Ct. 1086, 6 L.Ed.2d 236, a state court decision required the trust to set up a reserve for depletion. In all three of these cases the reserve requirement was treated as the pertinent provision. None of the cases cited by the taxpayers relate to trust instruments which contain a specific statement that depreciation shall be reserved out of income.

Affirmed.