## MONTEITH BROS. CO. v. UNITED STATES.

Civ. No. 334.

District Court, N. D. Indiana, South Bend Division.

Dec. 24, 1942.

Church & Chester, of Elkhart, Ind., for plaintiff.

Alexander M. Campbell, U. S. Atty., of Fort Wayne, Ind., Luther M. Swygert, Asst. U. S. Atty., of South Bend, Ind., and George H. Zeutzius, Sp. Asst. to Atty. Gen., of Washington, D. C., for defendant.

SLICK, District Judge.

Each party has moved for judgment on the pleadings.

Plaintiff relies on the rule of res adjudicata. In its complaint plaintiff alleges that on August 12, 1935 it brought an action in this court against defendant; that defendant, being notified, appeared and filed answer; that a final judgment was entered in said cause upon the issues and upon the merits so joined, said judgment being in favor of plaintiff and against the defendant; that said judgment so entered was a final adjudication on the identical cause of action as the cause now pending between the same parties; that no appeal is pending from said judgment; that said cause heretofore decided was Cause No. 473 at Law.[1]

Defendant in answer to said plea of res adjudicata alleges that these allegations are incompetent, irrelevant and immaterial, but it admits that such suit, No. 473 at Law, was an action between the same parties, under a later, although similar statute, but that that action was for a tax for a different period of time. Defendant further says that the determination of this court in the former action was erroneous and ought not be permitted to operate as an estoppel by judgment or otherwise with respect to the present suit. It is further alleged that counsel for the defendant were misled in the first case and did not discover the effect of a stipulation it had previously entered into until at the time of the trial.

It is hard for me to accede to defendant's reasoning. The fact, if it be a fact, that the decision in the former case was erroneous is no argument against its finality. The power inherent in a court to decide an issue includes the power to decide wrongly and if a wrong or erroneous decision was made, as may have been the case, it became the duty of the losing party either to appeal or acquiesce. Failure to appeal leaves the judgment entered in the former case as the law regardless of whether it was right or wrong.

The only point raised by defendant that might have a semblance of merit is that the present suit is for a tax in a different or later period, therefore the judgment in the former suit is not binding on the parties in the suit at bar, even though the statute involved is the same or similar.

---

[1] No opinion for publication.

This question is discussed at length and decided contrary to defendant's argument in City of New Orleans v. Citizens' Bank, 167 U.S. 371, at page 396, 17 S.Ct. 905, at page 913, 42 L.Ed. 202, where Mr. Justice White said: "The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, when the question upon which the recovery of the second demand depends has under identical circumstances and conditions, been previously concluded by a judgment between the parties or their privies. This is the elemental rule stated in the text-books, and enforced by many decisions of this court."

Certainly it cannot be gain-said that "the question upon which the recovery of the second demand" (the tax in suit) "depends has, under identical circumstances and conditions been previously concluded by a judgment between the parties."

I am of the opinion that the former suit, No. 473 at Law, decided by this court between the same parties and involving the same questions as the present suit, was and is an adjudication binding upon the defendant. The former suit was between the same parties, involved a construction of the same or a similar statute, was for a tax under the same circumstances as the present suit. Defendant failing to appeal from the decision in the former suit, cannot now be heard to say that it was erroneous, but is bound by the former decision. For the purposes of this suit and all other suits between the same parties, under the same circumstances, under the same statute and involving the same set of facts, the decision of the court in Cause No. 473 is the law, right or wrong.

The record in the former suit was properly admitted in evidence in the trial of the suit at bar. Last Chance Mining Co. v. Tyler Mining Co., 157 U.S. 683, 15 S.Ct. 733, 39 L.Ed. 859. In this case Mr. Justice Brewer said at page 691 of 157 U.S., at page 736 of 15 S.Ct., "The essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is, has there been such determination? and not, upon what evidence or by what means was it reached?"

And again at page 695, of 157 U. S., at page 738 of 15 S.Ct., "After such suit has been commenced, and the defendants have been made parties thereto, and the court has proceeded to judgment, will the defendants be heard to say that that judgment amounts to nothing? We are clearly of the opinion that this cannot be tolerated; that the judgment was in all respects regular; that it was conclusive as to the particular ground in controversy, and binding, by way of estoppel, as to every fact necessarily determined by it; * * *. There was error, therefore, in excluding the record of that judgment."

An examination of the pleadings, stipulation and findings of fact in the former suit conclusively shows that the facts in that and the present suit are identical. The parties are the same. The judgment in the former suit is therefore an adjudication of the issues in this suit. Judgment should go to the plaintiff.