### MONTEITH BROS. CO. v. UNITED STATES.

### No. 8413.

Circuit Court of Appeals, Seventh Circuit.

April 19, 1944.

Samuel O. Clark, Jr., Sewall Key, and Carlton Fox, Department of Justice, all of Washington, D. C., Alexander M. Campbell, of Fort Wayne, Ind., James E. Keating, of South Bend, Ind., and A. F. Prescott and Paul S. McMahon, Sp. Assts. to the Atty. Gen., for appellant.

Ira H. Church, Willard H. Chester, and Church & Chester, all of Elkhart, Ind., for Monteith Bros. Co.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

SPARKS, Circuit Judge.

This is an action to recover excise tax paid to the defendant for the year 1940. The identical question as to liability was adjudicated in 1936 between the same parties under the same statute with respect to the same types of articles for the year 1932. The facts were stipulated and each party filed a motion for summary judgment. The court overruled defendant's motion, sustained plaintiff's motion, and rendered judgment for plaintiff. From those rulings the defendant appeals. The sole question presented is whether the former adjudication was res adjudicata as to the relief here sought.

The tax in question was assessed under the provisions of section 3403 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code § 3403, which imposes a tax upon automobile parts or accessories sold by the manufacturer, producer, or importer. The taxpayer is engaged in the business of rebuilding and repairing generators, armatures, and connecting rods for automobiles. After the decision of the District Court holding that it was not liable for the taxes assessed for the year 1932, this court decided the case of Clawson & Bals v. Harrison, 7 Cir., 108 F.2d 991 (certiorari denied 309 U.S. 685, 60 S.Ct. 808, 84 L.Ed. 1028), holding the taxpayer therein, engaged in the business of preparing connecting rods from used rods, liable as a manufacturer or producer for the tax under the statutory provision here involved. It is clear that the same question as to the taxpayer's liability as a manufacturer or producer was presented there as in the case of this taxpayer as to one of the articles sold. The District Court did not discuss that case, stating only, "The fact, if it be a fact, that the decision in the former case was erroneous is no argument against its finality. * * * The former suit was between the same parties, involved a construction of the same or a similiar statute, was for a tax under the same circumstances as the present suit. * * * Defendant * * * is bound by the former decision. * * *" [48 F. Supp. 210, 211.]

We cannot agree with this reasoning of the court. On the contrary, we are in full accord with that of the Court of Appeals for the Ninth Circuit, as stated in Henricksen v. Seward, 135 F.2d 986, where precisely the same question was presented as to the liability of a taxpayer engaged in practically the same business. There the court held that in tax controversies of this character, neither party had a vested right in an erroneous decision, and that although the transactions involved in different years were similar, they were not identical, and must therefore be studied in the light of the law and facts of the year involved. The same conclusion was reached by the Court of Appeals for the Second Circuit in Stoddard v. Commissioner, 141 F.2d 76, 80, involving the right of a taxpayer to a deduction from income tax. There that court said, "The point as to res adjudicata falls when considered in the light of the statutory scheme of income taxation. Each taxable year is a separate taxable period * * *. It is not a subject which when settled as to one period remains immutable as to another. The issue is new in each taxable year raised and remains open until pertinent facts appear

with sufficient certainty to provide the basis for decision under the applicable statute for the year in question. * * *" See also Campana Corp. v. Harrison, 7 Cir., 135 F.2d 334. For the reasons stated in the opinions in those three cases, we are convinced that the question of the liability of the taxpayer for the taxes here involved was not foreclosed by the decision in the earlier case, and that the ruling of the District Court that the adjudication of the former case was binding on the parties in this was in error.

Although appellee denied liability as a manufacturer or producer under the statute, no question was raised as to that in the court below. The Government set up in its answer to the complaint that the only issue determined by the earlier decision was that no tax could be imposed upon the sale of " 'rewound, rebuilt and repaired armatures, rebuilt and repaired generators and rebabbitted, rebuilt and repaired connecting rods,' " and that the question of whether or not this appellee was a manufacturer or producer of automobile parts or accessories was not litigated or determined, appellee there contending that the Act applied only to spark plugs, storage batteries, leafsprings, coils, timers and tire chains, and conceding that it was a manufacturer or producer of the armatures, generators and roads. Appellee by its reply to the answer admitted these facts, but it again asserts in this court that the Act does not apply to the articles here involved.

■ The same question of the applicability of the Act to the articles here involved has been presented in a series of cases arising in other courts, in addition to the case of Clawson & Bals v. Harrison, supra. These courts have uniformly held taxpayers engaged in the same type of business liable for the tax. See United States v. Armature Rewinding Co., 8 Cir., 124 F.2d 589, relating to generators and armatures; United States v. Armature Exchange, 9 Cir., 116 F.2d 969, certiorari denied 313 U.S. 573, 61 S.Ct. 960, 85 L.Ed. 1531, relating to armatures; United States v. J. Leslie Morris Co., 9 Cir., 124 F.2d 371, and United States v. Moroloy Service, 9 Cir., 124 F.2d 373, relating to connecting rods. For reasons stated in these opinions we are convinced that the taxes were properly assessed under section 3403, on the articles here involved. It follows that the action of the District Court in entering judgment for appellee on the pleadings was in error, and that the Government was entitled to such judgment on its motion.

Judgment reversed.