(No. 35151.—

HAZEL JEAN HOGE, Appellant, *vs.* DONALD C. HOGE, Appellee.

*Opinion filed September 24, 1959.*

Reidy, Katz, McAndrews, Durkee & Telleen, of Rock Island, (Isador I. Katz, of counsel,) for appellant.

Eagle & Eagle, of Rock Island, for appellee.

Mr. Justice Hershey delivered the opinion of the court:

Hazel Jean Hoge, plaintiff, appeals from a decree construing the will of Sarah F. Hoge and entered in the circuit court of Rock Island County. By its decree, the court denied the construction sought by plaintiff, and vested the title to certain real estate in the defendant. A freehold necessarily being involved, plaintiff brings her appeal directly to this court.

Plaintiff, the widow of David F. Hoge, filed her complaint to construe the will of Sarah F. Hoge, in the circuit court of Rock Island County, on May 5, 1958. She prayed that the court construe the said will to hold either that the property of Sarah F. Hoge passed to Charles A. Hoge in fee simple, or that a fee simple title was devised to David F. Hoge subject to a life estate in Charles A. Hoge, that as sole devisee of David F. Hoge, the plaintiff be decreed

to be the present owner thereof in fee simple; and that the defendant had no right, title or interest in the property.

It appears that Sarah F. Hoge died, testate, July 19, 1937, being then the owner of two tracts of residence real estate located at 831 19th Street and 522 19th Street in the city of Rock Island. By her will, Sarah F. Hoge provided:

· "I give and bequeath all I die possessed of, after my· debts have been paid, to my beloved husband, Charles A. Hoge, and at his death to our son, David F. Hoge, and following him our grandson, Donald C. Hoge."

After the death of Sarah, Charles A. Hoge rented the property· at 831 19th Street to plaintiff and her husband, David F. Hoge. Charles died intestate on April ·14, 1944, leaving David F. Hoge as his sole heir-at-law, who continued to· occupy the one parcel of real estate and rent the other, paying the taxes, insurance, and maintenance thereon.

David F. Hoge died, testate, on November 13, 1957, survived by plaintiff his wife, and his son by a previous marriage, Donald C. Hoge, the defendant herein. By his will David bequeathed $100 to his son, and devised and bequeathed all other property, real and personal, to the plaintiff. Defendant asserted a right to the ownership and possession of the two parcels of real estate by virtue of the terms of his grandmother's will, and appointed a real estate agent to sell them. Thereupon, plaintiff filed her complaint to construe the will.

By his answer, the defendant denied that plaintiff had any rights in the real estate. Hearing was had before the court, and a decree was entered construing the terms of the will of· Sarah F. Hoge and finding that Charles A. Hoge and David F. Hoge had successive life estates with a remainder in fee to defendant, Donald C. Hoge, and that defendant now owns the property in fee simple. It is from that decree that plaintiff appeals.

Plaintiff asserts that Sarah F. Hoge did not limit the estates to her husband or her son to less than a fee simple by express words, as required by section 13 of the Conveyances Act. (Ill. Rev. Stat. 1957, chap. 30, par. 12.) Consequently she contends that either Charles A. Hoge received a fee simple estate, which upon his death intestate passed to his only heir-at-law, David F. Hoge, in fee simple; or that if Charles A. Hoge received only a life estate, then David Hoge took the remainder in fee simple. In either case she contends that David F. Hoge having owned the real estate in fee simple, he devised the premises to her and defendant received no interest therein.

The purpose and cardinal rule of testamentary construction is to ascertain the intention of the testator from the terms of the will itself, and to give effect to this intention, unless contrary to some established rule of law or public policy. (*Harris Trust & Savings Bank* v. *Jackson,* 412 Ill. 261; *Le Sourd* v. *Leinweber,* 412 Ill. 100.) That intention is determined in two ways: One way is by ascertaining the actual meaning from the words employed in the will, to which all rules of construction give way, and the other by finding the presumed intention, gathered by the application of rules of construction, which rules apply in cases where the meaning of the will is obscure, doubtful or uncertain. (*Freudenstein* v. *Braden,* 397 Ill. 29.) The intent which controls is that which is manifest, either expressly or by necessary implication, from the language of the will itself. The whole will and all of its parts must be considered in order to ascertain that intention. Where the language of the will is clear, the courts will not consider surrounding circumstances for the purpose of varying an intention clearly expressed in the will. *Le Sourd* v. *Leinweber,* 412 Ill. 100.

The language used in a will is to be given its ordinary common meaning unless some other language manifests that it is used in some special or limited sense. (*McGloth-*

*lin* v. *McElvain*, 407 Ill. 142.) In the construction of wills little aid is to be derived from judicial determination in other cases unless the will and circumstances are identical in all respects. *Stern* v. *Stern*, 410 Ill. 377.

By virtue of section 13 of the Conveyances Act we may now devise an estate in lands without the use of words formerly necessary to transfer an estate of inheritance. Under the statute, unless the estate is limited by express words, or a lesser estate appears to have been granted, conveyed or devised by construction or operation of the law, the fee passes to the devisee. (*Cahill* v. *Cahill*, 402 Ill. 416.) A devise of land in fee may, however, be cut down to a life estate by a subsequent clause in the will. (*Bowers* v. *Webb*, 339 Ill. App. 14.) Sarah F. Hoge devised all she died possessed of, after the payment of her just debts, to her husband. Such devise would thus convey a fee unless the subsequent language is sufficient to cut it down. The will continues that "at his [her husband's] death to our son, David F. Hoge." This clause is referable back to the verbs "give and bequeath." The common ordinary meaning then appears to be that at the death of her husband she gave and bequeathed all she died possessed of to her son. Her intention is clear that her husband's estate should be only a life estate. The words "at his death," or words of similar import, have been found sufficiently express to limit a preceding fee to a life estate. (See: *Scott* v. *Crumbaugh*, 383 Ill. 144; *Knisely* v. *Simpson*, 397 Ill. 605.) The clause contains no precatory words such as distinguish the many cases cited by the plaintiff as holding to the contrary.

The same reasoning may be applied to the remainder of the paragraph. Examining the remaining language of the paragraph we find that Sarah F. Hoge has said that "following him" (her son, David F. Hoge) to "our grandson, Donald C. Hoge." This clause is referable back to the verbs "give and bequeath," and the phrase "our grandson"

is referable back to the preposition "to" of the preceding clause. From the terms of the will it is clear that her intention was that her son's estate should likewise be limited to life, being cut down by the express words of the succeeding clause, and that the fee in remainder should vest in her grandson. Without resort to the rules of construction, but by merely giving common ordinary meaning to the terms of the will, the intention of Sarah F. Hoge that her husband should have a life estate followed by a life estate in her son, with the fee in remainder to her grandson, is manifest.

The decree of the circuit court of Rock Island County is, therefore, affirmed.

*Decree affirmed.*