(No. 36317.

DAVID T. WATKINS *et al.,* Appellees, *vs.* WALTER L. NOBILING *et al.,* Appellants.

*Opinion filed May 19, 1961.*

PAUL A. CUSHMAN, of Kewanee, for appellants.

ROBERT A. BARNS, and O. B. PACE, JR., both of Lacon, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This action is for construction of a will and the partition of real estate. Plaintiffs are two brothers and a sister of the decedent Mabelle Nobiling. The principal defendant is the surviving husband, Walter L. Nobiling. Defendants appeal from a decree of the circuit court of Marshall County, finding that a 200-acre farm owned by the decedent did not pass by the will, and ordering partition of the premises.

The decedent had no lineal descendants but left surviving her husband Walter and the two brothers and sister as her only heirs-at-law. Her father devised the 200-acre farm to her a year prior to her death, and she executed her will 10 months after acquiring the farm. Plaintiffs contend that the will did not dispose of the farm and that it passed as intestate property. The defendants argue that if the extrinsic circumstances surrounding the parties and the making of the will are taken into consideration, that the will manifested testator's intention to devise her real estate to her husband.

The will reads:

"I, Mabelle Nobiling, do hereby bequest my joint belongings, to my husband, Walter L. Nobiling. I further bequest that all my

just. debts be paid by the said Walter L. Nobiling and that he assume all responsibilities incurred by me. .

Signed this 16th day of July, 1955."

It contained nothing further than her signature and the signatures of two witnesses. The parties stipulated that the document had not been drafted by a lawyer.

It is a cardinal rule in the construction of wills, to which all others must yield, that the purpose is to ascertain the intention of the testator from the will itself and to give effect to that intention unless it is contrary to some established rule of law or public policy, (*Hoge* v. *Hoge,* 17 Ill.2d 209; *Carr* v. *Hermann,* 16 Ill.2d 624,) and the testator's intention is to be gathered from a consideration of the language of the entire will rather than any particular clause, phrase or sentence. (*Whitmore* v. *Starks,* 17 Ill.2d 202.) It is only where an ambiguity or uncertainty exists that the courts may consider the surrounding circumstances.

With these fundamental principles in mind we turn to language of the will. The word "bequest" is usually associated with the disposition of personal property and is of no aid in determining an intention to devise real estate, absent other words to show such an intention. (Cf. *Brittain* v. *Farrington,* 318 Ill. 474.) Similarly the word "belongings" is ordinarily used to designate tangible personal property such as household goods and personal effects. The word "belongings," used in conjunction with other words or language, may in some cases show an intention to pass the title to real estate, as in *Wickizer* v. *Whitney,* 364 Ill. 125, where the word was part of the phrase "my property and belongings" and was followed by the phrase "will, bequeath and devise"; but here we find only the one other descriptive word "joint." In its technical meaning "joint" restricts "belongings" to those held in joint tenancy with another, while in a very broad sense "my joint belongings" might have been meant to refer to her interest in belongings which she held in common with another; such as household goods

and other chattels. In either case it did not show an intention to devise the farm real estate since she did not share that ownership either as a joint tenant or tenant in common, but was the sole owner.

Defendants contend that there is an ambiguity in that the word "joint," as used in this will, is a false word or misdescription and therefore should be stricken. Assuming *arguendo* that there is an ambiguity, we are of the opinion that the extrinsic evidence does not support defendants' position. Such evidence consisted largely of defendant husband's testimony when called as an adverse witness under section 60. He and the decedent were married in 1929 and never had any children. Their property, consisting primarily of savings and real estate, was in joint tenancy at the time of the wife's death, except for the 200-acre farm. She earned some money as a part-time school teacher, organist and music teacher. Most of the savings and property had been accumulated by the husband and placed in their joint names thereafter, although one piece of property was deeded to them in joint tenancy by her parents. They enjoyed a compatible and close marriage relationship. The only other evidence was proof that decedent's father expressed a desire to equalize his estate between his four children and that devises were made to each in his will, including the 200-acre farm to the decedent.

Defendants argue that the foregoing facts, coupled with the terms of the will naming her husband and omitting any mention of her brothers and sister while requesting her husband to pay her debts, and the fact that the will which she executed only a short time before her death was not drawn by a lawyer, showed an intention to devise all of her real estate to her husband. They direct attention to the presumption against intestacy and ask that the will be construed to avoid intestacy. As heretofore noted, the expressed intention of a testator must prevail over rules of construction. The words used must be given their ordinary and

natural meaning unless it is apparent that they were used in a different sense. The decedent had taught school and music and was an educated person. She must have been familiar with the word "joint" since she and her husband owned much of their property in joint tenancy.

We are of the opinion that the pertinent words "my joint belongings" do not manifest an intention to dispose of her individually-owned real estate. If we removed one of the words the whole purport of the language would be changed and would have the effect of writing a new will.

We find no error in the decree of the circuit court of Marshall County and it is therefore affirmed.

*Decree affirmed.*