In the Matter of the Estate of John Capasso, Deceased.

David P. Krasner, Executor of the Above Entitled Estate, Petitioner-Appellee, v. Rose Capasso, Respondent-Appellant, Richard Monda, Respondent-Appellee.

Gen. No. 49,735.

First District, First Division.

January 25, 1965.

■■■■■■

Neistein, Richman & Hauslinger, of Chicago (Arthur Abraham, of counsel), for Rose Capasso, appellant.

Howard, Howard & Hofert, of Chicago (Marshall S. Howard, of counsel), for Richard Monda, appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

On the petition of the executor of the estate of John Capasso, deceased, and after hearing evidence, the Probate Division of the Circuit Court of Cook County entered a decree which construed decedent's will so as to include after acquired real estate in a devise to respondent, Richard Monda, a half-brother of the decedent. Respondent Rose Capasso, widow of the decedent, and residuary legatee, appeals from the decree, contending that the after acquired real estate should go to her under the residuary clause.

John Capasso executed his will on October 5, 1949, and died on December 27, 1963. Thereafter, the will was admitted to probate. At the time of his death, he was the beneficiary of a land trust, which held title to seven adjoining lots known as Lots 18, 19, 20, 21, 22, 23 and 24 in Block 5 in Feuerborn and Klode's Second Addition to Irvingwood, etc., improved with two buildings and a parking lot. The common address is 8348–54 West Irving Park Road.

The land trust agreement, identified as Trust No. 7123, was dated July 6, 1949, and it named John Capasso as the sole beneficiary. The corpus of the trust was comprised of three parcels of land. One of these parcels consisted of Lots 22, 23 and 24, which were identified as the "North East corner of Irving Park Road and Cumberland Road." In the following years, four contiguous lots were placed in the trust. The

332

disposition of these after acquired lots, 18, 19, 20 and 21, forms the subject matter of the instant dispute.

In 1952, John Capasso built a building, located exclusively on Lots 22, 23 and 24. On June 15, 1953, Lots 20 and 21 were conveyed into the trust. On or about that date, the trustee executed a trust deed and note for $25,000 covering Lots 20, 21, 22, 23 and 24. In 1954, John Capasso built an addition to the 1952 building, which addition occupied the balance of Lots 22, 23 and 24, and all but three feet of Lot 21. A party wall separated these two buildings, but they were connected by an entrance way.

On June 19, 1957, Lots 18, 19 and 20, of the above description, were conveyed into the trust, and the trustee executed a note and mortgage for $22,000 on Lots 18 through 24. On Lots 18, 19 and 20, a paved parking lot was constructed for the exclusive benefit of the adjoining buildings. From 1957 to John Capasso's death, all seven lots remained in Trust No. 7123.

Subsequent to the issuance of letters testamentary, the executor filed a petition, praying for the construction of the will insofar as it relates to the four lots acquired after the execution of the will, stating that both Rose Capasso, as residuary legatee, and Richard Monda, as a specific legatee, claimed the four lots in question.

The material provisions of the will are as follows:

"Third: I hereby give, bequeath and devise unto the said Richard Monda, all of my right, title and interest in and to my beneficial interest in Trust No. 7123, specifically pertaining to the property located at the North East corner of Irving Park and Cumberland Road in Cook County, Illinois, right, title and interest to which is held by the Trust Company of Chicago, as Trustee.

333

"Seventh: I hereby give, devise and bequeath the rest and residue of my estate, of every kind and description, whether it be real, personal or mixed, not hereinbefore disposed of, to my beloved wife, Rose Capasso.

"Ninth: I hereby order and direct my executor to issue written instructions to the Trust Company of Chicago, as Trustee, under Trust No. 7123, directing it to transfer, assign or convey all of my right, title and interest in and to my beneficial interest to Lots 22, 23 and 24 in Block 5 in Feuerborn and Klodes Second Addition to Irvingwood . . . in Cook County, Illinois, and otherwise known as the North East corner of Irving Park and Cumberland Road, to my beloved half-brother, Richard Monda, as soon after my death as can conveniently be arranged."

The court, after hearing the evidence offered by the interested parties, found that it was the intention of John Capasso to bequeath "unto Richard Monda all of the real estate involved herein . . . ," and decreed that the will be construed "to bequeath to Richard Monda all of the decedent's beneficial interest to the following described real estate, including the buildings and appurtenances located thereon: Lots 18, 19, 20, 21, 22, 23 and 24 in Block 5 . . . ."

Rose Capasso argues that the will is clear and unambiguous, so that the intention of the testator must be ascertained from the language of the will itself; that paragraph 3 of the will devises to Richard Monda "the property located at the North East corner of Irving Park and Cumberland Road"; and that paragraph 9 of the will should be read as specifically defining the "North East corner" as including only Lots 22, 23 and 24. She argues that the devise to Richard Monda in paragraph 3 does not include the

after acquired Lots 18 through 21, and that these lots pass to her under the residuary clause of the will, paragraph 7.

Richard Monda contends that "all of the lots are one physical unit and comprise the north east corner of Irving Park and Cumberland Road; that a gift of the same, unlimited and unqualified, is made by paragraph Third of the testator's will; that paragraph Ninth is not a bequest but administrative detail; that all of the lots are included in Trust No. 7123 . . . ; that . . . after acquired property may pass by the will even though it were not described in the will; . . . and that therefore the trial court's construction that John Capasso intended that Richard Monda should have the whole of the piece—all seven lots and improvements thereon—is sound, proper and reasonable."

■■■ At the outset, we agree with respondent, Rose Capasso, that the cardinal rule in construing the will is to give effect to the intention of the testator, and the testator's intention is to be gathered from a consideration of the language of the entire will rather than any particular clause, phrase or sentence. It is only where an ambiguity or uncertainty exists that the courts may consider the surrounding circumstances. (Watkins v. Nobiling, 22 Ill2d 290, 292, 174 NE2d 858 (1961); Hoge v. Hoge, 17 Ill2d 209, 212, 161 NE2d 117 (1959).) The intention of the testator, when clearly expressed, must be given effect in preference to any speculation that he did not mean what he said or intended what he said to mean something else. Leibrandt v. Adler, 30 Ill App2d 257, 262, 174 NE2d 228 (1961).

■■ We also agree that we are concerned with the testator's intention at the time of the execution of the will. (Lydick v. Tate, 380 Ill 616, 627, 44 NE2d 583 (1942); Knight v. Bardwell, 45 Ill App2d 332, 342,

335

195 NE2d 428 (1963).) However, where subsequent events are indicative of the testator's intent at the time of the execution of the will, they should be considered, especially where the ambiguity would never have arisen but for the occurrence of subsequent events. Weir v. Leafgreen, 26 Ill2d 406, 415, 186 NE 2d 293 (1962).

■■■ With reference to after acquired property, the rule has long been that whether the will passes such real estate depends upon the intention of the testator. (Wingard v. Harrison, 337 Ill 387, 169 NE 232 (1929).) In order to determine the intention of the testator, the same rules of construction apply to the passing of after acquired property as apply to the passing of presently owned property. No greater degree of particularity is required in an expression of an intention to pass after acquired property. Halderman v. Halderman, 342 Ill 550, 555, 174 NE 890 (1931).

It is not controverted that at the time of the execution of the will, the testator had a beneficial interest only in Lots 22, 23 and 24, and that he intended in paragraph 3 to devise to Richard Monda "all of my right, title and interest in and to my beneficial interest in Trust No. 7123, specifically pertaining to the property located at the North East corner of Irving Park and Cumberland Road." The issue, then, is whether the language of paragraph 3 manifests an intent of the testator to also devise to Richard Monda the four lots acquired after execution of the will, or whether the language of paragraph 9 indicates an intent of the testator to limit the devise to the property in which testator had a beneficial interest at the time of execution—Lots 22, 23 and 24 only.

■■■ Employing the principles previously referred to, we conclude that the unrestricted devise of paragraph 3 of *"all"* the testator's beneficial interest in *"the property* located at the *North East* corner" was

336

sufficiently definite and particular to manifest an intention of the testator to devise to Richard Monda all of testator's beneficial interest in the after acquired lots, as well as Lots 22, 23 and 24. We believe that these four after acquired lots, made a part of Trust No. 7123, and, in the ordinary geographical sense, a part of the northeast corner, come within the scope of the language of paragraph 3, thus indicating an intent of the testator to devise them to Richard Monda.

Rose Capasso argues that "the definition of the testator as to what is comprised in the 'North East corner of Irving Park and Cumberland Road' is found only in the express words of paragraph Ninth of the will." We do not agree. We do not believe paragraph 9 manifests an intent of the testator to exclude the possibility of any after acquired property from being disposed of through the unrestricted devise of paragraph 3.

Paragraph 9's description should not be read to defeat the general dispositive intent of the testator to devise "all" of his interest in "the property" situated at the "North East corner." (Cummings v. Lohr, 246 Ill 577, 580, 92 NE 970 (1910); Halderman v. Halderman, 342 Ill 550, 174 NE 890 (1931).) Paragraph 9 is not a limitation of paragraph 3; it is not a part of the will's dispositive provisions; it is merely an additional description contained in an administrative direction. It would be a strained construction to read this additional description as limiting and confining the meaning of such terms as "all" and "North East corner" to Lots 22, 23 and 24.

Our conclusion is that Lots 18, 19, 20, 21, 22, 23 and 24 pass, as one unit, to Richard Monda under paragraph 3 of John Capasso's will. That this was the intention of testator is supported by many factors extrinsic to the testamentary document. These seven

lots are contiguous and comprise one physical unit; they were all placed in Trust No. 7123; they were treated by the testator as a unit for financing purposes; the improvements built on these lots did not reflect any concern by the testator for the integrity of the lot lines of Lots 22, 23 and 24; all were developed into a single, unified piece of property, with connecting stores, related economically, physically and in management, and with a parking lot to serve the stores.

For the reasons given, the decree is affirmed.

Affirmed.

BURMAN, P. J. and KLUCZYNSKI, J., concur.