**VALLEY LOAN ASSOCIATION,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 9410.

United States District Court
D. Colorado.

Sept. 22, 1966.

Stanley L. Drexler, Denver, Colo., for plaintiff.

Lawrence M. Henry, U. S. Atty., for Dist. of Colorado, and Lawrence E. Dox-see, Tax Division, Dept. of Justice, for defendant.

## MEMORANDUM OPINION AND ORDER

OLIN HATFIELD CHILSON, District Judge.

This is an action for the refund of corporate federal income taxes assessed upon the plaintiff corporation and paid by it for the years 1960, 1961 and 1962.

The plaintiff claims exemption from corporate income taxes for the years in question under subchapter S of the 1954 Internal Revenue Code (§§ 1371–1377).

Subchapter S of the 1954 Internal Revenue Code (§§ 1371 and 1377) was enacted

"to permit shareholders in small business corporations, in lieu of payment of the corporate tax, to elect to be taxed directly on the corporation's earnings * * *"

(See Senate Committee Report 85th Congress 2d Session Senate Report No. 1983 (1958) U.S. Congressional and Administrative News, p. 4791).

§ 1372(a) of subchapter S provides

"* * * any small business corporation may elect * * * not to be subject * * *."

to the corporate tax.

§ 1372(e) (5) of subchapter S denies this right of election to those small business corporations whose gross receipts from dividends, interest, etc., exceed 20% of the corporation's total gross receipts.

The defendant pursuant to this section denied the plaintiff's claim to exemption on the ground that its income from interest exceeded 20% of the plaintiff's total gross receipts for the years involved.

The principal business activity of the plaintiff during the years in question was the financing of retail installment sales of consumer goods by loans and the purchase of retail installment sales contracts. The defendant in arriving at its denial of the plaintiff's claim for exemp-

tion excluded from plaintiff's gross receipts the amounts received by the plaintiff for repayment of these loans and purchase contracts. In support of its position the defendant points to Treasury Regulation 1.1372–4(b) (5) (ii) which provides that the term "gross receipts" does not "include amounts received * * * as a repayment of a loan * * *"

If the payments to plaintiff of its loans and installment sales contracts are not properly includible in computing the gross receipts of the plaintiff, the interest income of the plaintiff exceeds 20% of its total gross receipts in each of the years in question, and in that event the plaintiff was not entitled to the exemption claimed.

If, however, these payments were properly includible in computing the gross receipts of the plaintiff, the interest income of the plaintiff did not exceed 20% of the plaintiff's total gross receipts during each of the years involved, and in that event the plaintiff is entitled to the exemption and the refund of the taxes paid by it.

The facts essential to a determination of the question involved are largely stipulated and are not in dispute.

During the years in question the plaintiff was principally engaged in the business of financing retail installment sales of consumer goods. It also operated an insurance agency and engaged in some other minor activities.

The financing activities were divided into three categories; one, the purchase and rediscounting of retail installment contracts pursuant to Chapter 121, Article 2 C.R.S. (Colo.Rev.St.) 1963; second, the making of loans of $1,500 or less repayable in installments pursuant to Chapter 73, Article 3 C.R.S.1963; third, the making of loans over $1,500 repayable in installments pursuant to Chapter 73, Article 2 C.R.S.1963. The latter two activities were carried on by virtue of licenses issued by the State of Colorado and all three categories were conducted under state regulation. The contracts and the loans were secured by the goods purchased.

With reference to retail installment contracts, plaintiff purchased the contracts from the retail dealer at a discount and then rediscounted the contracts to the First National Bank of Lamar, Colorado or the First National Bank of Pueblo.

With regard to the loans mentioned above, the plaintiff ordinarily negotiated the notes to the same two banks at a discount. However, as to both the installment contracts and the notes, the plaintiff was required to furnish the banks security in addition to the purchased goods. In the case of the Lamar Bank the additional security was the maintenance of a reserve at the Lamar Bank equal to 10% of the unpaid balances, and in the case of the Pueblo Bank, by furnishing the bank with notes aggregating 125% or more of the unpaid balances. The banks required the plaintiff to agree to re-acquire any contract or note if it had been delinquent for a specified length of time.

The debtors were required to make the payments on the contracts and the notes to the plaintiff. The plaintiff in turn remitted the payments to the respective banks until the bank had been paid the amount due it.

A small amount of the contracts and loans were not discounted or negotiated to either of the two banks, but was retained by the plaintiff.

The installment payments received included both principal and interest. It is the principal repayments which the defendant contends are not includible in gross receipts.

There is nothing in subchapter S which specifically excludes from gross receipts the amount received for repayment of such loans.

It is obvious that if the defendant's position is correct, finance or loan companies are excluded from the benefits of subchapter S for their gross receipts under the defendant's theory are for all

practical purposes limited to receipts of interest.

 We find nothing in subchapter S or in its legislative history that indicates that congress had any such intent. The act itself indicates that congress intended § 1372(e) (5) to apply only to personal holding company income, for that is the subheading of that particular section. Since 1938 loan companies engaging in activities similar to those of the plaintiff have been excluded by congress from the definition of a personal holding company (see Title 26 U.S.C. § 542 and the legislative history therein.) In the court's opinion the section as written indicates no intent to exclude loan and finance companies from the benefits of subchapter S.

Since subchapter S does not expressly or by implication exclude from gross receipts the repayments of the principal of the plaintiff's loans and installment contracts, the court concludes that Treasury Regulation 1372–4 insofar as the defendant construes it to exclude from gross receipts the repayment of the loans made and installment contracts acquired by the plaintiff in the ordinary course of its loan business is contrary to the congressional act and congressional intent as evidenced by the act and is therefore invalid as applied to the plaintiff's operations. Commissioner of Internal Revenue v. Netcher, 7 Cir., 143 F. 2d 484, cert. denied 323 U.S. 759, 65 S.Ct. 92, 89 L.Ed. 607, (1944).

The court finds that the gross receipts of the plaintiff for each of the years 1960, 1961 and 1962 derived from royalties, rents, dividends, interest, annuities and the gain on sales or exchanges of stocks or securities was less than 20% of the total gross receipts of the plaintiff for each of said years. In making this finding the court determines that there should be included as a part of the plaintiff's gross receipts the commissions received by plaintiff on the insurance premiums directly billed by the insurance companies to the insureds and the full amount of the premiums collected by the plaintiff under its authorized billing of insureds.

The plaintiff is entitled to judgment for refund of the income taxes paid by it for the years 1960, 1961 and 1962, and interest thereon as provided by law.

It is ordered that counsel for the parties shall compute the amount of the judgment in accordance with these findings and prepare and submit to the court the proper form of order for entry of judgment for the plaintiff.