HARRIS TRUST AND SAVINGS BANK *et al.*, as Trustees, Plaintiffs-Appellees, *v.* MARTHA HARRIS MACLEOD *et al.*, Defendants—(GORDON GALE MACLEAN, Defendant-Appellant.)

(No. 55382;

First District—March 8, 1972.

Lord, Bissell, & Brook, of Chicago, (Raymond Wearing, Gordon R. Close, and Joseph E. Coughlin, of counsel,) for appellant.

Wilson & McIlvaine, of Chicago, (Sheldon Lee, George W. Thompson, and George W. K. Snyder, Jr., of counsel,) for appellees.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal from a decree of the Circuit Court of Cook County construing the will of Norman W. Harris. The decree authorized the trustees under the will to amortize the principal cost of real estate improvements constructed or purchased by the trust over the useful lives of the improvements.

The issues on review are: (1) Whether Illinois law permits the trustees to depreciate the cost of a rental building for trust accounting purposes; and (2) whether the court erred in interpreting the will to give the trustees discretion to depreciate the cost of buildings owned by the trust.

Norman W. Harris died July 15, 1916, leaving a will dated January 24, 1911, and three codicils dated December 26, 1911, January 30, 1913 and April 20, 1914. The portion of his will concerning the establishment of the trust in question contains the following provision authorizing the trustees to invest in real estate:

"It is also my will and I direct, that the said Trustees shall have power to invest said trust estate in centrally located business real estate, either in the City of Chicago, or in the City of New York, City of Philadelphia, City of St. Louis or the City of Boston, and to make long ground leases of such property, or to improve the same for business uses, and to do all such acts in connection therewith as may be

necessary or proper in their judgment to render such property safe, secure and productive."

In 1966, the trust purchased a parcel of improved real estate at Wacker Drive and Adams Street in downtown Chicago for a purchase price of $1,760,232.17. Of the total cost, $214,000 was allocated to the buildings, each of which had an estimated economic useful life of ten years. The trustees decided to depreciate the cost of the buildings by the straight line method over their useful lives. Thus, they deducted 10 per cent each year from the gross income generated by the property for depreciation cost in determining net trust income.

Before the instant suit was filed, the trustees decided to demolish the existing structures and to construct a new office building on the site. The cost of this project was estimated at $25,000,000 and the economic useful life of the structure was estimated to be from 40 to 60 years. For trust accounting purposes, the trustees desired to amortize the cost of this structure on a straight line basis by periodic charges against income, over its maximum estimated useful life. The trial court construed the will of Norman W. Harris to authorize the trustees, in their discretion, to amortize the cost of real estate improvements, and entered a decree approving the trustees' amortization of the cost of such improvements over their estimated useful lives for trust accounting purposes. It is from that decree that defendant, Gordon Gale MacLean, one of the trust's income beneficiaries appeals.

Defendant's initial contention on appeal is that Illinois law does not permit trustees to depreciate the cost of a rental building owned by the trust. In support of his contention, defendant relies upon an Illinois Supreme Court case and several Federal tax cases dealing with Illinois trusts. These cases are distinguishable however from the case at bar.

In *Hopkins v. Austin State Bank*, 410 Ill. 67, 101 N.E.2d 536, cited by defendant, the court approved a failure by trustees to deduct for the depreciation of real estate improvements in determining trust income. But the court found such failure to amortize proper only when the trust instrument could not be construed to allow such amortization. Similarly, in the Federal tax cases cited by defendant (*Laflin v. Commissioner* (7th Cir. 1934), 69 F.2d 460, *Dixon v. Commissioner* (7th cir. 1934), 69 F.2d 461 *cert. den.* (1934), 293 U.S. 560; *United States v. Blow* (7th cir. 1935), 77 F.2d 141; and *Lambert Tree Trust Estate* (1962), 38 T.C. 392, depreciation of trust realty was disapproved only when the instrument could not be construed to allow such amortization. In the instant case, the trial court did construe the will of Norman W. Harris to authorize the trustees to depreciate investment realty purchased by the trust.

In *Mollie Netcher Newburry* (1932), 26 BTA 101, the United States Tax Court (then the Board of Tax Appeals) considered the permissibility of trustees under an Illinois will amortizing the cost of realty purchased by the trust and held that such amortization was entirely proper when the settlor's will could be construed to allow such amortization. The court held:

"Where a trustee makes investments with the corpus of an estate, he is duty bound to see that so far as reasonably may be, the corpus always includes the equivalent of the amount invested. \* \* \* The will gave the trustee authority to thus borrow and build. There is nothing in the will indicating that the testator intended the trustee should not deduct depreciation on any buildings she might erect. \* \* \* Had the trustee made no provision for replacing the building \* \* \* obviously the testator's wish could have been carried into effect only at the expense of other property constituting corpus of the estate in violation of rights of remaindermen. \* \* \* We think that they [the income beneficiaries] had no right under the will to have the annual income from the building distributed to them except as it exceeded an appropriate amount to restore the cost of the building at the end of its estimated life." 26 BTA 101 at 106—7.

The Seventh Circuit Court of Appeals reversed the Tax Court's decision in *Newburry*, in *Commission v. Netcher* (7th cir. 1944), 143 F.2d 484, *cert. den.* (1944), 323 U.S. 759, but the decision was based solely upon the fact that the Tax Court had improperly allocated the depreciation deduction between the trust and beneficiaries for income tax purposes. The Court of Appeals expressly approved the Tax Court's determination that for trust accounting purposes, the depreciation of trust realty was entirely proper when the will of the settlor could be construed to authorize such deduction.

The rationale for allowing a depreciation deduction when a will can be construed to allow such deduction is summarized by Professor Austin Scott in his treatise on the law of trusts:

"The cost of improvements to property held as part of the principal is payable out of the principal.

\* \* \*

"Where the improvements are not of a permanent nature, however \* \* \* a further adjustment has to be made in order to treat both life beneficiary and remainderman fairly. In such a case the investment will be treated as a wasting investment, and the trustee is under a duty to the beneficiary who is entitled to the principal to make provision for amortization. He must deduct from the income each year enough to amortize the cost of the improvement. Thus, if the trustee

546

makes improvements upon the trust property which will probably last for twenty years, he should pay for the improvements out of principal and deduct each year approximately one twentieth of the cost. This method of adjusting the cost between life beneficiary and remainderman is obviously the fairest method. \* \* \* If the life beneficiary lives as long as the probable duration of the improvements, he will ultimately have paid for the improvements, which is just, because in that case the remainderman ordinarily will have no advantage from the improvements. If the life beneficiary dies within a short time after the improvements are made, he pays for no more than the actual enjoyment he has had, and the remainderman who profits in that case pays the balance of the cost." *3 A. Scott, the Law of Trusts,* par. 233.3 (3rd ed. 1967).

Professor Scott found that the principle here stated was applicable to rental buildings erected by trustees because "[b]uildings ordinarily tend in course of time to become less valuable, both because of physical deterioration and because they are likely to become less suited to their purpose than those more recently built; in other words, they tend to become less valuable through depreciation and obsolescence." (*3 A. Scott, the Law of Trusts* par. 239.4 (3rd ed. 1967).) Professor Scott concluded that "\* \* \* where the trustee makes improvements which are likely to depreciate in value as time goes on, the cost of the improvements is payable out of principal, but the cost is amortized over the expected life of the improvement." *3 A. Scott, the Law of Trusts* par. 239.4 (3rd ed. 1967).

■■ It is clear that the law in Illinois does indeed permit trustees to withhold from income distributable to income beneficiaries amounts for depreciation of realty improvements, at least in the instance where the settlor's will can be construed to allow such deductions. In the instant case the trial court found that the will of Norman W. Harris should be construed to allow such deductions and thus approved the actions of the trustees in depreciating investment realty of the trust.

This leads us to the consideration of defendant's other contention on appeal; that the trial court erred in interpreting the will of Norman W. Harris to give the trustees discretion to depreciate the cost of buildings owned by the trust. Defendant contends that the will is silent as to whether depreciation should be taken on rental buildings in ascertaining income for trust accounting purposes, and that the absence of a direction in the will to depreciate indicates the testator's intent that there be no such charge for depreciation.

■■ The fact that the will of Norman W. Harris is silent on the question of amortization, in the sense that it contains no express direction

to the trustees either to amortize or not to amortize, does not mean that the testator's intention cannot be gathered from the will and relevant circumstances. It is only where a will is silent on a particular question, in the sense that it contains no express answer to the question that a construction of the will is necessary. *McDonough County Orphanage v. Burnhart*, 5 Ill.2d 230, 239—40, 125 N.E.2d 625, 631; *Storkan v. Ziska*, 406 Ill. 259, 263—4, 94 N.E.2d 185, 188.

The court's objective in construing wills is to ascertain the intention of the testator and to give effect to that intention unless it is contrary to some established rule of law or public policy. (*Watkins v. Nobiling*, 22 Ill.2d 290, 292, 174 N.E.2d 858, 859; *Hoge v. Hoge*, 17 Ill.2d 209, 212, 161 N.E.2d 117, 119.) The intention of the testator is to be gathered from a consideration of the language of the entire will, and every part or sentence of the will must be construed in light of the whole will. (*Watkins v. Nobiling*, 22 Ill.2d 290, 292, 174 N.E.2d 858, 859.) Thus, where the interpretation of a particular provision is in doubt, it must be construed so as to be consistent with the testator's intention gathered from the entire will. *Stites v. Gray*, 4 Ill.2d 510, 515—16, 123 N.E.2d 483, 486—87.

In the instant case, our examination of the will of Norman W. Harris reveals that the testator stressed safety and conservatism of investments throughout his entire will. The will authorized the trustees to invest only in such conservative areas as government bonds, mortgages on real estate having at least twice the value of the amount loaned, municipal bonds of municipalities having indebtedness not exceeding 5 per cent of their assessed valuation, corporate bonds of corporations having a net income of at least twice the sum of interest and fixed charges, securities in which savings banks of New York or Massachusetts are allowed to invest, stocks of Harris Trust and Savings Bank and certain other companies bearing the Harris name and centrally located business real estate. With respect to the Harris companies in which the trustees were authorized to invest, the first codicil executed by the testator directs the trustees to * * * actively use their influence to have each of said institutions act with great conservatism in the purchase of securities * * *". Thus, the will shows no intention by the testator to favor current income beneficiaries over future income beneficiaries and remaindermen in the administration of the trust.

The provision dealing specifically with the real estate investment involved in the case at bar empowered the trustees to invest in centrally located business realty in Chicago, New York, Philadelphia, St. Louis or Boston, "* * * and to make long ground leases of such property, or to improve the same for business uses and to do all such acts in connec-

tion therewith as may be necessary or proper in their judgment to render such property safe, secure and productive." The trial court examined this provision in light of the testator's entire will and found:

"The discretion and authority to the trustees to invest in real estate and to do all things in connection therein as may be necessary or proper in their judgment to render such property secure and productive would necessarily include the authority to make a 'depreciation reserve' and to make deductions and depreciations in its income tax return and book accounts and to exercise judgment with respect to other income tax elections and accounting matters."

The provision of the Harris will concerning real estate investments emphasizes that the trustees are to do all acts necessary to render investment realty of the trust *safe, secure* and *productive*. Our analysis of the provision in light of the testator's entire will reveals that the testator desired that the property should be dealt with so as to be a safe and secure trust investment for the benefit of income. The judgment of the trustees as approved by the trial court in this case, that the cost of improvements with limited useful lives must be amortized in order to maintain the safety and security of the property as a trust investment is in accordance with the testator's intent.

The provision authorized the trustees to either improve the property or to make long ground leases of such property. If a long ground lease were entered upon, no impairment of the trust principal would occur. It is therefore apparent that if the trustee chose to improve the property instead, that no impairment of trust principal should be allowed in that event either. In the case of investment improvements of limited useful life, the protection of principal requires the amortization of the cost of such improvements over their useful lives.

Defendant contends that the testator's direction authorizing acts necessary to render the property "safe, secure and productive", does not authorize depreciation of the trust's investment realty, but rather is merely a directive that the buildings be kept in good physical repair. Even accepting defendant's construction of the will's language, amortization is still proper. Uncontraverted evidence elicited at the trial indicated that even over the useful life of rental property, substantial outlays for capital improvements are required from time to time to maintain the productivity of the property. It is only through amortization that the trustees would be able to maintain principal funds, as analysis of the entire will commands, with which to make capital replacements and improvements necessary to maintain the property's income producing capacity.

■■ Construing the provision relating to real estate investments and improvements in the context of the testator's entire will, and construing

the provision so as to make it consistent with the intention clearly manifested in the will in its entirety that trust should be administered so as to conserve principal, the provision authorizes the trustees to do all acts in administrating the property that are necessary in the trustee's judgment to make the property safe and secure, as well as productive as a trust investment. The trial court correctly construed this provision as authorizing the trustees to amortize the costs of improvements.

For the reasons above, the judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.