UNION NATIONAL BANK AND TRUST COMPANY OF ELGIN, as Trustee under the Last Will and Testament of Herbert C. Muntz, Deceased, Plaintiff-Appellee, *v.* LORENE M. MILLS *et al.,* Defendants-Appellees—(ROYAL C. MUNTZ, Defendant-Appellant.)

(No. 70-188; ▉▉▉▉▉▉▉)

Second District—April 2, 1971.

Jordan, Akemann & Miles, of Elgin, for appellant.

O'Brien, Burnell, Puckett & Barnett, of Aurora, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an appeal from a declaratory judgment brought by a trustee to construe a will and codicil.

Although the appellant, son of the testator, has listed many contentions as a basis for reversal, these contentions may be condensed to two issues: first, that it was his father's intention, expressed in the will and codicil and demonstrated by surrounding circumstances, that he was to receive

certain stock from a residuary trust, and second, that the conduct of his sisters, the appellees, bars them from any interest in such stock.

The rules of testamentary construction set forth in the case of *Hoge v. Hoge* (1959), 17 Ill.2d 209, sufficiently express the law applicable to the instant case. There, at page 212, the court said:

"The purpose and cardinal rule of testamentary construction is to ascertain the intention of the testator from the terms of the will itself, and to give effect to this intention, unless contrary to some established rule of law or public policy. * * * That intention is determined in two ways: One way is by ascertaining the actual meaning from the words employed in the will, to which all rules of construction give way, and the other by finding the presumed intention, gathered by the application of rules of construction, which rules apply in cases where the meaning of the will is obscure, doubtful or uncertain. * * * The intent which controls is that which is manifest, either expressly or by necessary implication, from the language of the will itself. The whole will and all of its parts must be considered in order to ascertain that intention. Where the language of the will is clear, the courts will not consider surrounding circumstances for the purpose of varying an intention clearly expressed in the will. [Citations omitted.]"

The testator, by his will, bequeathed all household property to his wife with the provision that if she were to predecease him, the items were to be divided equally between his children. He then established a marital deduction trust with the income payable to his wife. This trust allowed a right of appointment of the corpus by will if she so desired. He also established the residuary trust which gave his wife the income therefrom for life and directed that the children were to share equally in the remainder at the time of distribution. Distribution was to take place upon the death of his wife, or upon his death if she should predecease him. The trustee was given almost unlimited power in dealing with both trusts, including the right to invade the principal without the consent to the beneficiaries involved in this litigation.

Approximately eleven weeks later, the testator executed the following codicil:

"B-2. Upon the death of my said wife or upon my death if she shall predecease me, The Trustee shall divide the Residuary Trust Estate into separate shares of equal value, creating one such separate share for each child of mine who may then be living and creating one such separate share for the lawful descendants collectively of each child of mine who may then be deceased leaving one or more lawful descendants living, providing, however, that if the Residuary Trust Estate

then includes the one-third (⅓) interest, as a tenant in common, which I now own in certain real estate located in Elgin and inherited by me from my father, this real estate including the property near the corner of South Grove Avenue and Prairie Street commonly known and referred to as Coliseum Garage, and the two parcels of property on North Street between Douglas Avenue and Spring Street, presently used by the Elgin Storage and Transfer Company and the Elgin Warehouse and Equipment Company, the legal description of which parcels are as follows: [Legal descriptions omitted.] * * * and if the Residuary Trust Estate should also include any shares of stock in said Elgin Storage and Transfer Company and/or Elgin Warehouse and Equipment Company or any successor to either corporation by consolidation, merger, or any other method, then, and in that event, it is my desire that my two daughters, or their descendants inherit my interests in said real estate, and that my two sons, or their descendants, inherit my interest in the two corporations. I make this provision because I believe that the aggregate value of the real estate is approximately the same as the aggregate value of the corporate stock, and inasmuch as my two sons are active with me in the management of the two companies I would like for them to inherit my interest in the said companies. To accomplish this, if the Residuary Trust Estate contains the real estate and corporate stock described above, I direct the Trustee to assign the real estate equally to the shares created for my two daughters or their descendants, and the corporate stock to the shares created for my two sons or their descendants, and to divide all other assets equally among the shares required by the first sentence of this paragraph."

After his death, but prior to his wife's death, the two companies, tenants of two of the parcels mentioned in the codicil, decided to move. The owners of the outstanding two-thirds interest in the land subsequently arranged for the sale of these two parcels. The trustee agreed and obtained written authorization for the sales from the wife and daughters, but not the sons. The proceeds of the sales ($40,000) became a part of the residuary trust. The testator's interest in the third parcel of land was valued at $34,000. The value of the corporate stock totalled $155,925. One son had died and was survived by two daughters.

The trial court declared that the codicil expressed a conditional gift and that the condition failed. It therefore ordered the residuary trust to be distributed in equal shares of one-quarter to each of the surviving children of the testator and one-eight to each of the two daughters of the deceased son.

On appeal, the appellant argues that the testator's language in the

codicil expressed an intent that the shares of stock involved were to be distributed outright to the daughters of his deceased brother and himself, without any prior condition having to be met. In the alternative, it is argued, that, if the gift of stock was to be considered conditional, the language used was so ambiguous that extrinsic evidence of surrounding circumstances was necessary to show the true intent of his father.

■■ We are of the opinion that the codicil manifested a clear intent on the part of the testator to treat his children equally at the time of distribution and that the gift of stock was to be considered conditional. The language used is unambiguous and plainly states that "providing however, that if" the trust includes the real estate "and if" the trust "should also include" the stock, "then and in that event," the stock should go to his sons and the realty to his daughters. This interpretation of intent is further substantiated by the testator's statement that he believed the aggregate value of the realty was, at the time of executing the codicil, approximately the same as the aggregate value of the corporate stock. Having reached the conclusion that the gift of stock was conditional, there is no need to further answer appellant's arguments directed toward the intent of the testator.

■■ Finally, the appellant contends that the execution of the written consents to the sale of the real estate by the appellees, estopped them from claiming any rights in and to the stock. We find this argument without merit. The trustee's power to sell the realty was limited only by the requirement that it obtain the wife's permission. While the trustee may have felt the appellees' signatures necessary for its own protection, those signatures were not legally required under the powers granted the trustee under the will. We therefore conclude that the acts of the appellees in consenting to the sale of the realty did not constitute an estoppel.

For the above reasons the judgment of the trial court will be affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.