Roy E. ZIMMER, Plaintiff-Appellee, *v.* SAMUEL A. ROBBINS, Individually, and as Ex'r of the Estate of Fred A. Zimmer, Deceased, *et al.*, Defendants-Appellants—(ST. PAUL's EVANGELICAL AND REFORM CHURCH, Defendant-Appellee.)

(No. 59119; )

First District (5th Division)—April 19, 1974.

*Rehearing denied June 20, 1974.*

Moses, Gibbons, Abramson & Fox, of Chicago, for appellants.

Freeman, Freeman & Atkins, of Chicago, for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal by Samuel Robbins (defendant), individually, and as executor of the estate of Fred A. Zimmer, from a decree construing certain provisions of the will and codicil of the decedent.

The subject will was executed by the testator on July 20, 1967, to which two codicils were subsequently made, the first of which is not at issue here. The testator in the relevant dispositive articles of the will made the following bequests:

## "ARTICLE FOUR [1]

If my net taxable estate exceeds two hundred fifty thousand ($250,000.00) dollars, then I give and bequeath to my brother, ROY E. ZIMMER, an amount equal to ten percent (10%) of said net taxable estate. If my net taxable estate is less than two hundred fifty thousand ($250,000.00) dollars, and not less than one hundred thousand ($100,000.00) dollars, I give and bequeath to my said brother the sum of ten thousand ($10,000.00) dollars.

## ARTICLE FIVE

If my net taxable estate is five hundred thousand ($500,000.00) dollars, I give and bequeath an amount equal to four per cent (4%) of said net taxable estate to ST. PAUL'S EVANGELICAL AND REFORM CHURCH located at Fullerton and Orchard Streets, Chicago, Illinois.

If my net taxable estate is less than five hundred thousand ($500,000.00) dollars, but exceeds two hundred thousand ($200,-000.00) dollars, I give and bequeath to ST. PAUL'S EVANGELI-CAL AND REFORM CHURCH an amount equal to two per cent (2%) of said net estate.

If my net taxable estate is less than two hundred thousand ($200,000.00) dollars, and not less than one hundred thousand ($100,000.00) dollars, I give and bequeath to ST. PAUL'S EVAN-GELICAL AND REFORM CHURCH the sum of two thousand $2,000.00) dollars.

\* \* \*

## ARTICLE FOUR [2]

If my net taxable estate exceeds four hundred thousand dollars ($400,000.00) then I give and bequeath to my brother, ROY E. ZIMMER, an amount equal to fifteen per cent (15%) of said net taxable estate. If my net taxable estate is less than four hundred

---

[1] (of the original will—revoked by a second codicil)
[2] (of the second codicil)

thousand dollars ($400,000.00) but not less than two hundred fifty thousand ($250,000.00) dollars, then I give and bequeath to my brother an amount equal to ten per cent (10%) of said net taxable estate. If my net taxable estate is less than two hundred fifty thousand dollars ($250,000.00) and not less than one hundred thousand dollars ($100,000.00), I give and bequeath to my said brother the sum of ten thousand dollars ($10,000.00)."

Plaintiff, testator's brother and legatee under article four above, commenced the instant action by seeking a construction of the above provisions, asserting that defendant misconstrued the meaning of "net taxable estate" found in the aforementioned provisions. Plaintiff also joined St. Paul's Evangelical and Reform Church, legatee under article five, as a nominal defendant.

Plaintiff interprets the term "net taxable estate" to mean the testator's gross estate minus the costs of administration, debts and estate and inheritance taxes.[3] Conversely, defendant determined that the testator, by using the words "net taxable estate", intended to mean the taxable estate as computed for Federal Estate Tax purposes[4] (that portion of the net estate subject to estate taxes). According to plaintiff's reasoning, his bequest would have totaled 15% of $478,611.40, or $71,791.71. Defendant, on the other hand, reflected in his final account that plaintiff was entitled to $10,000 and the Church $4,207.59.

---

[3] This "interpretation" was taken from Article Six of the will which provides: "For the purposes of this, my Last Will and Testament I direct that the words 'net estate' shall mean and be defined as follows: my gross estate less all debts, expenses of administration and estate, inheritance and succession taxes."

Accordingly, the plaintiff's computations resulted in a net estate of $478,611.40, upon which the plaintiff's as well as the Church's bequests could be made:

| | | |
|---|---|---|
| Gross Estate | | $770,853.21 |
| Debts, Expenses | $221,679.26 | |
| Federal Estate Tax | 50,924.71 | |
| State Inheritance Tax | 19,637.84 | 292,241.81 |
| Net Estate | | $478,611.40 |

[4] Defendant's interpretation resulted in a taxable estate of $210,379.38:

| | | |
|---|---|---|
| Gross Estate | | $765,513.75 |
| Debts, Expenses | $223,479.26 | |
| Bequest to Surviving Spouse | 270,423.73 | |
| Charitable Bequests | 4,150.00 | |
| Exemption | 60,000.00 | 558,052.99 |
| Net Taxable Estate | | $207,460.76 |

(An after-audit figure indicated the net taxable estate to be $210,379.38.)

The court below sustained the plaintiff's position and entered a decree which in relevant part holds:

"It is clearly the intent of said Testator to define the term 'net taxable estate' as 'net estate' is defined in ARTICLE VI of said Will, i.e., * * * my gross estate less all debts, expenses of administration, and estate, inheritance and succession taxes.

* * *

That said net taxable estate being in excess of $400,000, the distributive share of said estate due plaintiff ROY E. ZIMMER is 15% of $478,611.40, in accordance with ARTICLE IV, SECOND CODICIL, making his total bequest $71,791.71.

That said net taxable estate being in excess of $200,000, the distributive share of said estate due to Defendant ST. PAUL'S EVANGELICAL AND REFORM CHURCH is 2% of $478,611.40, in accordance with ARTICLE V of said Will, making said total bequest $9,572.23."

OPINION

On appeal this court is asked to construe the phrase "net taxable estate" as used by the testator and ascertain whether the use of this phrase is explained by reference to the definition of "net estate" found in article six. Defendant contends that the two phrases cannot be synonymous inasmuch as "net estate", as defined in article six, contemplates that taxes would be deducted in arriving at the net figure; whereas, "net taxable estate" clearly indicates an amount yet to be taxed. This contention is buttressed by the dispositive provisions of article three, which employ the phrase "net taxable estate" and state: "[I]n the event my net taxable estate remaining *after the payment of all expenses, claims and costs of administration* * * *.*" (Emphasis added.) Here, the use of the phrase "net taxable estate" does not contemplate the payment of taxes, nor could it under a strict construction of the phrase. In addition, as defendant argues, the provision evidences the testator's awareness that "net taxable estate" could only mean *subject to* taxation.

The above analysis does not resolve the differing postures taken by the parties here, but only broadens the scope of inquiry. It is conceivable that when the testator referred to "net taxable estate" (according to plaintiff, his gross estate minus claims, expenses and costs of administration and taxes), he may have considered that the residue of his estate, for distribution purposes, would include those amounts normally deducted on the Federal estate tax return for the marital deduction and the $60,000 exemption. Following this line of reasoning, however, one would question why the testator in article seven of his will specifically

provided for the establishment of a marital deduction trust (Trust A) which, according to the terms of the will, "shall not be reduced by any taxes" and "shall consist of the fractional share of such residuary estate * * * required to obtain a full marital deduction of fifty per cent (50%) * * *."[5] It would be difficult for this court to believe that the testator when using "net taxable estate" for distribution purposes meant to include that portion of the estate passing to his spouse, in light of the fact that he carefully sought to avoid that result by the use of a marital deduction trust.

■■ We are of the opinion that the figure arrived at after deducting the expenses of administration, debts and claims from the gross estate is not the "net taxable estate" but only the adjusted gross estate, as determined by Federal estate tax provisions, and the marital deduction and the exemption further reduce the adjusted figure which then leads to the "net taxable estate." We believe that it is from the amount reached by using this computation that the bequests to the plaintiff and the church should be determined. On this point, we agree with the reasoning of defendant: "[S]ince the amount of Trust A will be unaffected by a determination of the 'net taxable estate' no matter how defined, the testator must have intended to determine the amount of the legacies in relation to the value of the assets available to fund Trust B."[6]

■■■ Because we believe that the phrase "net taxable estate" is to be given its ordinary meaning (*Union National Bank & Trust Co. v. Mills*, 132 Ill.App.2d 242, 243, 268 N.E.2d 703), we must determine the import of Article Six and the use of the nonrecurring words "net estate." We cannot reconcile the inclusion of Article Six in the will when the phrase used therein appears nowhere else in the instrument[7] and when

[5] Int. Rev. Code § 2056
"(a) Allowance of marital deduction—For purposes of the tax imposed by section 2001, the value of the *taxable estate* shall * * * be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse * * *.
* * *
(c) The aggregate amount of the deductions allowed under this section shall not exceed 50 percent of the value of the adjusted gross estate * * *."

[6] Trust B includes the residue of the testator's estate after the reduction of the estate by the marital trust provisions of Trust A. Trust B would also receive the remaining amounts of Trust A not distributed by the power of appointment reserved to the testator's wife. Finally, upon the death of the survivor of the testator's wife and mother, Trust B would be divided into separate trusts for each living grandchild of the testator.

[7] Except as "net estate" appears in article V: there, however, the use of the phrase refers back to "net taxable estate" as it appears earlier in the subject article.

the definition given "net estate" is, in light of the balance of the will, inconsistent. In view of the apparent desire of testator to comply with and take advantage of the marital deduction provisions, and because the tenor of the will is directed towards bequests being made from the "net taxable estate", we conclude that Article Six should not provide a definition for the "net taxable estate" as found in the dispositive provisions: to hold otherwise would be to give no effect to the word "taxable" as used on numerous occasions throughout the will. As stated in *Logan v. Harris Trust & Savings Bank*, 8 Ill.App.2d 61, 69, 130 N.E.2d 211:

> "* * * And so, repugnant words, in whatever portion of the will they occur, which contravene the evident general purpose and intention of the testator as clearly expressed, may be rejected or transposed, or *limited and controlled* by other and prior provisions, and by the general purpose and intent thus clearly manifested. * * *"

Accordingly, we reverse the findings of the trial court and remand with directions to enter a decree not inconsistent with this opinion.

Judgment reversed and remanded with directions.

DRUCKER and LORENZ, JJ., concur.